No. 5553.

## A. KOENIGHEIM *v.* JONATHAN MILES ET AL.

1. TRESPASS TO TRY TITLE — PRACTICE. — Though a defendant who has pleaded a special defense, in trespass to try title, will be confined in his defense to the special matters as pleaded, yet this does not relieve the plaintiff from the necessity of proving his title, or preclude the defendant from showing that the land sued for is not embraced in the description given in plaintiff's deeds.

2. SAME — EVIDENCE — ESTOPPEL. — In trespass to try title, when plaintiff's deed shows a conveyance from a party to one portion of a tract of land, and the defendant has subsequently received a deed from the same vendor to another portion of the same tract, the defendant is not precluded from showing that plaintiff acquired no title by his deed. If the

deeds were for the same land, and the claim of title by each was through a common source, the defendant would not be thereby estopped from showing a superior outstanding title in third party.

3. SAME—JUDGMENT COSTS.—When in trespass to try title against several defendants, the evidence discloses that none of them were in possession of a part of the premises sued for, and all having answered, failed to disclaim as to any part of the land, and the plaintiff exhibits a perfect title, the judgment should be against all the defendants for all the land to which he establishes his right, and for the costs of suit.

4. PLEADING—BOUNDARY.—The establishment of the boundary of plaintiff's land is necessary in every action of trespass to try title, when he establishes his claim to only part of the land sued for, and is an issuable fact in such case, without the necessity of special pleading for that purpose.

5. GRANT.—Where the description in the deed given of the property to be conveyed is general in the granting clause, and is immediately followed in the same clause by the exception which points out the particular property which is to be excluded from the grant, there is no repugnancy, for the exception is not out of the thing previously granted, but is incorporated in the very substance of the granting clause.

6. DESCRIPTION.—When one purchased land, described in the deed in general terms as in the northeast corner of a larger tract, but also described by lines actually run by the surveyor, and marked upon the ground, the actual survey must determine the locality of the land, and will control the general call for the unascertained corner of the larger tract.

APPEAL from Tom Green. Tried below before the Hon. John C. Townes.

*Geo. C. Altgelt*, for appellant, on his proposition that defendant's evidence should have been confined to his special pleas, cited Hobby's Land Law, sections 150, 151; Rivers v. Foote, 11 Texas, 662; Shields v. Hunt, 45 Texas, 426; Custard v. Musgrove, 47 Texas, 220, and McSween v. Yett, 60 Texas, 183.

On estoppel he cited Horton v. Reynolds, 8 Texas, 284; Keys v. Mason, 44 Texas, 143; Christy v. Scott, 14 Howard (U. S.), 292; Gould v. West, 32 Texas, 339; Washburn on Real Property, 91, 92, volume 3; Tyler on Ejectment, 166; Greenleaf on Evidence, volume 1, section 2425; volume 2, sections 303, 305; 11 Howard (U. S.), 297; Abbott's Trial Evidence, 713; Walker v. Howard, 34 Texas, 510, and Burleson v. Burleson, 28 Texas, 384.

On his proposition that when in trespass to try title the defendant does not disclaim the land sought to be recovered of him, or disclaim a part by limiting his claim to the remainder, but pleads not guilty generally, he admits his possession of the land, and that he claims title to the same, and on recovery by plaintiff of

a part of the land sued for the costs should be adjudged against defendant, he cited Revised Statutes, Articles 1421, 4794, 4805, 4806; Blue v. Chandler, 17 Texas, 126; Baker v. Tom, 4 Texas, 5; Warnell v. Moore, 10 Texas, 235, and Dikes v. Miller, 24 Texas, 417.

On his proposition that the court erred in rendering judgment for the defendant for the land north of the line established by the judgment of the court, he cited Hobby's Land Law, sections 344, 345; George v. Thomas, 16 Texas, 89; Coleman v. Smith, 55 Texas, 254; Cooper v. Austin, 58 Texas, 494; Wait's Actions and Defenses, volume 1, page 718; Tyler's Law of Boundaries, etc., 254, 255, 335, and Houston v. Sneed, 15 Texas, 307.

*William M. Lessing* and *Mays & Timmins,* for appellees, on their proposition that the court below did not err in permitting appellees to prove, over appellant's objection, that plaintiff's grant did not include the premises occupied by the appellees, or that appellant had no title to said premises, in that the defenses set up did not preclude appellees from the right to make such proof, cited Echols v. McKie, 60 Texas, 41, and Cook v. Dennis, 61 Texas, 246. They also cited, on other propositions, Revised Statutes, Article 4794; Bigelow on Estoppel, 522 to 525; Washburn on Real Property, 81 to 84; Scoby v. Sweatt, 28 Texas, 731, and Sneed v. Osborn, 25 California, 623.

STAYTON, ASSOCIATE JUSTICE. This was an action of trespass to try title, brought by M. Koenigheim against Jonathan Miles, Jonathan Miles, Jr. and J. W. Miles, and some forty other defendants. He recovered a part of the land sued for and claimed by the defendants named, but took nothing as against the others. He appeals from the judgment of the court below; and defendants Jonathan Miles, Jonathan Miles, Jr. and J. W. Miles also assign errors and bring a cross appeal.

The land sued for purports to be a part of survey number three hundred and twenty-three, patented in the name of John Brown, and the controversy seems to have grown out of a mistake as to the location of the north boundary line of that survey. The deed from one DeWitt to plaintiff, under which the latter claims, in describing the north boundary line of the tract conveyed, calls for "a rock bedded in ground on the north line of said survey No. 323," as the extreme northeast of the tract, and then continues: "thence south 20 west $26\frac{67}{100}$ chains, to the upper corner on the

river of said survey," etc. This is the course of the north boundary line of survey number three hundred and twenty-three, and it is evident the deed was made under the idea that survey number three hundred and twenty-three extended to the north line of the tract conveyed. This line, as the testimony shows, is well marked upon the ground; but it was admitted upon the trial that the true location of the north boundary of the original survey in question was some thirty chains further south than that called for as such in the deed above named. The plaintiff showed that survey number three hundred and twenty-three had been regularly conveyed to his vendor by a chain of transfer from the patentee, and the court accordingly gave him judgment for all the land claimed by him lying south of the true north boundary of the survey as admitted on the trial; but gave judgment for defendants as to all land claimed by them lying north of that line. Defendants Jonathan Miles, Jonathan Miles, Jr. and J. W. Miles, having set up claim to a part of the land recovered by plaintiff, were adjudged to pay the costs of the suit as against them. The other defendants had judgment against plaintiffs for their costs.

Under this state of title, with proper pleadings, it would seem that the correctness of this judgment could not be seriously questioned. But plaintiff has assigned many errors, some of which it will be necessary for us to consider. The first assignment is that: " The court erred in overruling plaintiff's special exception to the defendant's plea of innocent purchasers in good faith, because the said plea is too vague—does not mention the dates of such alleged purchases; nor by whom and from whom made, and does not state the consideration paid."

The averment in the answer to which exception was taken is as follows: " And further answering, they say that they are the legal and equitable owners of the premises sought to be recovered of them in this behalf; that they are innocent purchasers of the same in good faith without any notice of an adverse claim thereto, and have paid a valuable consideration therefor in good faith without notice of adverse (claim), all which they are ready to verify."

In the view we take of the case we are not called upon to decide whether the exception ought to have been sustained or not. All the defendants had pleaded a general denial and " not guilty," and the defendant Miles had, in addition, filed a plea in reconvention, which we will notice when we come to consider their assignments of error. The statement of facts shows that

no evidence was offered under the plea; and it further appears from the record that judgment of the court, so far as the case made by plaintiff is concerned, is predicated upon the fact that he had shown no title to the land lying north of the north boundary of the original survey as established by the admission of parties.    Under this state of case, if the court erred in overrulruling the exception, the error did not prejudice plaintiff's rights, and it is therefore immaterial.

The second assignment is that the court erred in admitting, over plaintiff's objection, proof of the following facts: "That survey No. 323, granted to John Brown, and whereof the premises claimed by plaintiff are a part, did not extend and include all the land conveyed by DeWitt to plaintiff, but that the true north boundary line of survey No. 323 was as found by the court and indicated by sketch found in statement of facts."

The first proposition under this assignment is in substance that plaintiff having pleaded a special defense (it being the plea to which plaintiff excepted) his evidence should have been confined to that special defense.    This proposition can not be successfully maintained.    It is true that according to the rule indicated in Rivers v. Foote, 11 Texas, 662, and since followed by this court, a defendant who has pleaded a special defense to an action of trespass to try title, will be confined in his defense to the special matter so pleaded; but we do not understand this rule as relieving the plaintiff from the necessity of his proving his title or to preclude the defendant from showing that the land in controversy is not embraced in the description contained in his deeds. The effect of the decisions upon this subject is to place a defendant in trespass to try title upon the same footing as to pleading and evidence, as defendants in other cases, in the event he pleads specially and thereby waives his privilege under the statute of making his defense under the plea of not guilty.    If this be correct it would follow that if he has pleaded a general denial and not guilty as well as specially he could show any fact in rebuttal of plaintiff's testimony, but could not introduce evidence in confession and accordance as in bar of the action except as specially pleaded.

Plaintiff also urges a further proposition under this assignment, to the effect that defendant's claiming title under a common source with plaintiff is estopped from denying the title under which he claims or to show an outstanding title without connecting himself with it.    But we think no grounds for

estoppel are presented by the facts of the case. After DeWitt conveyed to plaintiff, plaintiff executed to him a certain quit claim deed, under which, as DeWitt's vendee, the Miles' defendants claim. The appellants in the cross appeal also make a point upon this deed, as will hereafter appear. We therefore here insert a copy in order that its import may be fully understood. The deed reads as follows:

"Whereas, Bart J. DeWitt, of the county of Bexar, State of Texas, did on the —— day of —— A. D. 1877, make, execute and deliver unto me, M. Koeingheim, of the county of Bexar, State aforesaid, his certain deed of conveyance in and to survey No. 323, district No. 11, situated in Tom Green county, originally granted to John Brown by patent No. three hundred and fifty-nine, Vol. No. twelve, from the State of Texas, which deed of conveyance aforesaid is duly recorded in the said county of Tom Green; and whereas, said deed of conveyance was then made with a view of and understanding that a future deed be made by the vendor aforesaid unto me, the said Koeinheim, to a definite and particular portion of the survey aforesaid, and that thereupon I should reconvey unto the said DeWitt the remainder of which survey remaining after making a survey thereof, and delineating on a plot the particular lands to which I was entitled therein. And, whereas, the said subsequent deed of conveyance was duly made and executed and delivered to me by the said Bart J. DeWitt, on the 25th day of September, A. D. 1877.

"Now, therefore, know all men by these presents, that I, Marcos Koeingheim, of the State of Texas, county of Bexar, for and in consideration of the premises aforesaid, and in obedience to my obligation so to do, have granted, bargained, sold, released, conveyed and quit claimed, and by these presents do grant, bargain, sell, quit claim, release, convey and deliver unto him, the said Bart J. DeWitt, all my right, title, interest and claim in and to the said survey of land aforesaid, except, however, so much thereof as is mentioned and described in the last deed of conveyance, aforesaid, by him made, executed and delivered to me, as aforesaid, which deed bears date September the 25th, A. D. 1877 and which is delineated particularly on the plot of said survey, to which reference is made in the last deed aforesaid."

We have no knowledge of the contents of the first deed referred to in the foregoing instrument, except such as may be derived from its recitals. We think, however, the purpose of the instrument was merely to show that plaintiff took title by the

first conveyance to him of no land except what was conveyed in his second deed and to set at rest any claim to the remainder of the tract which might afterwards be set up. The land which the deed purported to reconvey was the four sided tract in the corner of survey number three hundred and twenty-three, as plaintiff originally claimed it to exist, and this evidently was the land subsequently conveyed by DeWitt to Miles. Plaintiff takes a deed from a party claiming a tract of land to one portion of the tract. Defendant Miles subsequently received a deed from the same party to himself for another portion of the same tract. This certainly does not preclude that defendant from showing that plaintiff acquired no title under his deed. And even if it should be held that by reason of the instrument copied above, Miles's title to the land conveyed to him by DeWitt was derived through plaintiff, we are at a loss to see how this estops Miles from disputing the latter's claim to a different tract. The cases cited do not support appellant's proposition as applicable to this case. In Keys v. Mason, 44 Texas, 143, the court say: "It is true, the possession of the defendant entitles him to a judgment against the plaintiff unless the latter shows a prima facie title. He does this * * * by proof that the defendant and himself claim the land under a common source of title, and that his is the better right or superior title under such source. Proof of title by plaintiff in either mode may not conclusively establish his right to the land against the defendant, but it overcomes the presumption of right from his possession, and throws upon him the burden of disproving plaintiff's case, or showing a superior title in himself; as for example, that * * * though he has a title under a common source with plaintiff, he also has, or there is outstanding in a third party, a superior title to that which they claim from the common source, which it must appear that he is not estopped from setting up." This evidently applies to the case where the parties claim title to the same land under the same source. If the land conveyed in the deed to Miles was embraced in the land conveyed by that to plaintiff, then the rule would apply; but the deeds clearly embrace two different tracts of land, which, though contiguous to each other, have well defined and unconflicting boundaries.

The fifth and sixth assignments of error are as follows, and will be considered together:

Fifth. "The court erred in adjudging that the land occupied and claimed by the defendants [naming all the defendants ex-

cept Jonathan Miles, J. W. Miles and Jonathan Miles, Jr.] is within the boundaries of the land sued for by plaintiff, but is north of the line established by the second paragraph of the judgment rendered in this cause, and not on the land to which plaintiff has shown title; and in adjudging that as against said defendants, as to the land occupied by them respectively as aforesaid, the plaintiff takes nothing."

Sixth. "The court erred in adjudging against plaintiff costs of suit incurred by defendants mentioned in fifth assignment."

These assignments are well taken. It is true that the evidence disclosed that none of the defendants named in the fifth assignment were in possession of any part of the land lying south of the true north boundary line of survey number three hundred and twenty-three, as established by the court in its judgment. But none of the defendants disclaimed as to any part of the premises sued for, and all pleaded to the action. This admitted possession or claim on their part to the entire tract described in the petition. (Rev. Stat., arts. 4794 and 4805.) The plaintiff showed title, as found by the court, to all the land claimed by him lying south of the line above named, and the judgment should have been against all of the defendants for all of the land to which he established his right and for the costs of the suit. (Rev. Stat., art. 4806.)

By the tenth assignment it is complained that the judgment of the court is not prayed for in the pleadings of defendants. This is not necessary to support such a judgment as was rendered. The plaintiff sued for a tract of land, and showed title to a part of it only. The judgment was that he recover such part, and that he take nothing as against defendants as to the remainder. No prayer in defendants's pleadings was requisite to sustain such a judgment.

The eleventh assignment is that "The judgment of the court adjudicates issues which are not made in the pleadings, to wit, the true location of survey number three hundred and twenty-three, and that all of the defendants except Jonathan Miles, Jonathan Miles, Jr. and J. W. Miles, do not claim title south of such line."

As to the first point, it is only necessary to say that the establishment of the boundary of the plaintiff's land is necessary in every action of trespass to try title, where he establishes his claim to only part of the land sued for; and is an issuable fact in such case, without any special pleading for that purpose. But as to the second point, assignment is well taken. As has been

previously said, all the defendants by the pleading to the action for the entire tract and their failure to disclaim as to any part, set up in law a claim to the whole, and hence this fact was not in issue under the pleadings.

The other assignments of error on part of appellant in the direct appeal, raise the same questions already passed upon in a different form and need not be considered.

We next proceed to discuss the assignment of error made in the cross appeal. The first is waived, and the second and third raise substantially the same questions. The second we here set out as follows:

"The court erred in allowing the witness C. D. Foote to testify over the objection of defendant as to the land sued for by plaintiff after the plaintiff had introduced the deed from M. Koenigheim to Bart J. DeWitt, showing a reconveyance of his interest in said survey three hundred and twenty-three to Bart J. DeWitt, because said deed shows that plaintiff had divested himself of all title in and to survey number three hundred and twenty-three, and hence had no further right to contest this cause."

The proposition offered in support of this is to the effect that the exception in the deed from plaintiff to DeWitt (a copy of which is above set out in this opinion) is repugnant to the grant, and is therefore void; that the grant being the entire survey, plaintiff had divested himself of all title to the land sued for; and that therefore no evidence as to the location of the lands was proper. The intention of the parties to this instrument, as to the extent of the premises conveyed, is quite apparent. Language could hardly make their meaning more clear. And it would be strange indeed if in a system of laws claimed to be the perfection of reason any rule could be found to justify a construction of this conveyance so repugnant to reason and justice as that claimed under this assignment.

The correct rule is thus stated in Sprague v. Snow, 4 Pickering, 54: "If there is an explicit and unambiguous grant of a thing, any exception or reservation which is manifestly contradictory is to be rejected, as if a man conveys twenty acres except one acre. But if a farm or tract of land is conveyed by general terms, an exception of one acre or any particular lot is not repugnant, but will be valid. The case of Cutler v. Tufts, 3 Pickering, 272, exemplifies the principle. There the conveyance was construed to be of a moiety, and in a subsequent clause the grantor said he meant to convey a fourth part. This was ob-

viously contradictory and so was rejected." The rule may also be illustrated in this way: If a grantor convey "lots one, two, three and four, in block five," by name, and except "lot one," the exception is necessarily repugnant to the grant, and is therefore void. The inconsistency results from the fact that the thing granted and the thing excepted are both specially named, and is of the same in principle as if one grant a tract of land in one part the deed and except the whole lot in another. But if the grantor convey, by general description, such as "block five," in a certain town, and except "lot one" of said block, then the latter is construed merely to limit the general description of the premises in the grant, and is not, therefore, repugnant to it, and it will stand. This is certainly the rule where the exception appears in the description which is contained in the granting clause. (Greenleaf's Lessee v. Birth, 6 Pet., 302; Cutler v. Tufts, 3 Pick., supra; 3 Wash. Real. Prop., 369; Mart. Conv., p. 89, sec. 109; 2 Par. Con., 7 ed., star page 513, 514, note o.) In the conveyance in question the description in the granting clause is general, and is immediately followed in the same clause by the exception, which points out the particular property which is to be excluded from the grant. We may say of it, as was said in the case of Greenleaf v. Birth, supra: "It is sufficient to say there is no such repugnancy here, for the exception is not out of the thing previously granted, but is incorporated into the very substance of the granting clause." The assignments of error we have been considering are based upon an erroneous construction of the deed from plaintiff to DeWitt, and hence are not well taken.

The determination of one question is decisive of the fourth, fifth and sixth assignments of error under the cross appeal. The evidence clearly shows that the north boundary line of survey number three hundred and twenty-three is several hundred yards further south than it was supposed to be when the deed from DeWitt to Miles was executed, as has previously been stated. The defendants who have assigned errors, pleaded in reconvention, and set up claim to the tract of land in the true northeast corner of survey number three hundred and twenty-three, which corresponded to the boundaries in their deed. Their plea contained the statutory elements of an action to try title. Testimony was introduced by plaintiff to show that the land conveyed in the deed was situate in the northeast corner of the survey as it was then supposed to be, and not in the northeast corner of the survey as subsequently established, and it was sat-

isfactorily proved that the tract had been surveyed upon the ground and its corners marked, and that the description in the ·deed corresponded accurately with these marks.    The agent through whom the purchase was made testified that this was the land actually sold and intended to be conveyed, and Miles himself testified that he went into possession and built a house upon it. Now the appellants in the cross appeal claim that by reason of the fact that the deed called for the northeast corner of survey number three hundred and twenty-three they have the right to claim the land in the northeast corner of the true survey, embraced by lines running the course and distance called for in the deed, or at least all of that tract which is included in the conveyance from DeWitt to plaintiff, and that it was error to admit the evidence showing that the land described in his deed was not a part of the true survey.    But the law does not sustain his claim. Having bought a well defined tract marked upon the ground, he acquired such title as his grantor had in this, and no right to any other land.    If the call for the northeast corner of survey number three hundred and twenty-three was false (and the evidence showed that this was a fact), this call must be rejected and disregarded.    The rule is general that the boundaries of a grant as actually surveyed are the limits of the grantee's right, and will control calls for the unascertained boundaries of existing surveys.

These appellants can not shift the locality of their grant from the ground upon which it was originally laid out and designated to another place, merely because it is shown that its corner is not the true corner of the original survey called for.

The court did not err in admitting evidence to show the true location of the land described in the deeds under which these appellants claimed; and it being found that the deed of the plaintiff in the court below, which was older than that last mentioned, embraced all the land in controversy lying south of the true north boundary line of survey number three hundred and twenty-three, it did not err in giving him judgment for the land extending to that line.

We find no error so far as the appellants in the cross appeal are concerned.    But the court below having erred in not giving judgment against all the defendants for all the land claimed by him in his petition to which he was found to have title, and also in not giving judgment against all of them for costs, the judg-

ment will be reversed, and such judgment rendered here as ought to have been rendered there.

*Reversed and rendered.*

Opinion delivered December 10, 1886.