GEORGE N. RICE v. THE ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY ET AL.

No. 541.

**1. Outstanding Legal Title—Common Source.**—When plaintiff has shown that the defendants claim under a common source with him, the defendants under plea of not guilty may prove an outstanding legal title without showing their connection with it, and thus defeat a recovery by the plaintiff.

**2. Same—Estoppel.**—We think the whole question of common source is one of evidence, and not of estoppel. The plaintiff in order to prevail must recover upon the strength of his title, and this may be shown by evidence of common source, and the superiority of his title from that source; but it does not follow when this is done that the defendant is not permitted to overcome and destroy the effect of the prima facie title established by plaintiff, by evidence tending to show that plaintiff has not the superior title.

**3. Pleading Title by Defendant in Trespass to Try Title.**—A defendant having pleaded specially his title, can not show title in himself from any other source than that pleaded. Pleading his own title will not prevent the defendant, under plea of not guilty, from proving any independent fact which will show the plaintiff's title to be worthless; e. g., by proving an outstanding legal title.

APPEAL from Coryell. Tried below before Hon. C. K. BELL.

*Duffie & Duffie* and *J. L. Harris* and *W. O. Davis*, for appellant.

*Sam H. West* and *Clark, Dyer & Bolinger*, for appellees.

FISHER, CHIEF JUSTICE.—This is an action by the appellant against the appellees, in the form of trespass to try title to 1061 acres of land out of the Mary Hawley survey, in Coryell County. Lafayette Cleveland, S. C. Campbell, D. C. Russell, and Emma Russell intervened in the cause and claimed title to the land, and adopted as pleadings the allegations of the plaintiff's petition. Appellees Coleman, Hood, Baker, Holbrook, Smith, and Williams pleaded limitation, not guilty, and by metes and bounds the lands that each was entitled to, and averred that they each purchased the lands as described from Lafayette Cleveland, through his agent and attorney in fact, Wharton Branch, and that at the time the

said Wharton Branch owned in his own right the superior equitable title to one-half of the land. The railway company, appellee, only pleaded a general denial and plea of not guilty.

A jury being waived, the court below rendered judgment that the plaintiff and intervenors take nothing by their actions, and that the appellees go hence with their costs. From this judgment the plaintiff alone appeals.

*Findings of Fact.*—This court finds the following as the facts in this case:

1. The plaintiff introduced certified copy of judgment of the District Court of Coryell County, rendered on October 2, 1880, setting apart the lands in controversy in this suit to Lafayette Cleveland, in a cause wherein said Cleveland and his two brothers were the sole parties.

2. That Lafayette Cleveland died intestate in December, 1878, leaving surviving him his widow, Ava Cleveland, and sons, Henry Cleveland, Daniel Cleveland, J. R. Cleveland, and Lafayette Cleveland, Jr., and daughters, S. C. Campbell, M. C. Russell, and Emma Russell; and that S. C. Campbell married R. W. Campbell in 1872, and has remained his wife since; and that M. C. Russell married D. C. Russell in 1876, and has so continued since; that Emma Russell married John A. Russell in 1885, and that he died in 1888; that Lafayette Cleveland, Jr., is only 13 years old; that J. R. Cleveland attained his majority on February 1, 1889; that Daniel Cleveland attained his majority in June, 1885.

3. The plaintiff introduced deeds from all of the aforesaid children of said Lafayette Cleveland and from his widow, executed February 2, 1889, conveying him the land in controversy, except from Lafayette Cleveland, Jr., from whom he had no conveyance.

4. For the purpose of proving common source, the plaintiff introduced as evidence a power of attorney from Lafayette Cleveland to Wharton Branch, dated August 12, 1876, and authorizing him to convey the lands in controversy, and he introduced other deeds executed by said Wharton Branch in 1882, as attorney in fact for said Lafayette Cleveland, to the defendants, or to those under whom they claim, to the lands in controversy.

5. The intervenors introduced the same evidence as the plaintiff.

6. The defendants introduced in evidence a patent from the State of Texas to Mary Hawley to the land in controversy, dated in 1853, and also introduced a deed, duly acknowledged, from Mary Hawley to one John Morgan to said land, dated and acknowledged January 15, 1859, recorded in 1873 in Coryell County.

7. The defendants also introduced in evidence deeds from Lafayette Cleveland, by his attorney in fact, Wharton Branch, executed and recorded in 1882, by virtue of the power of attorney shown in plaintiff's evidence, to themselves or to those under whom they claimed, and they

established that Wharton Branch, at the time of the execution of the said deeds, owned an undivided half-interest in said lands by purchase from Lafayette Cleveland.

8. The defendants T. V. Hood, G. W. Coleman, and John T. Holbrook proved title by limitation to the lands claimed by them in severalty and described in their original answer, filed August 8, 1889, to which reference is made as against the interest of Ava Cleveland, Henry Cleveland, and Emma Russell in and to said lands, and they each showed that during his possession he had in good faith made permanent and valuable improvements on said lands, and that said lands were worth at present, without improvements, $1 per acre, and with improvements $2.50 per acre, and that the use of each tract in its improved state was worth $4 per annum from and including the year 1883.

*Opinion.*—The only question in the case is whether or not it was error to permit the appellees to show an outstanding title beyond the common source, with which they are not connected, in order to defeat a recovery by the appellant under his proof that he and the appellees held under a common source. The outstanding title resting in John Morgan, as shown by the appellees, appears to be a legal title, and there is no evidence in the record tending to connect the appellees with that title.

If the appellees are permitted to prove an outstanding title in order to defeat the effect of the case made by evidence establishing the common source, then we believe that it is not essential that they should connect themselves with the outstanding title when it is a legal title. The rule is otherwise when the outstanding title is an equitable one.

Briefly, the contention of appellant is, that when the evidence shows that the plaintiff and defendant in trespass to try title hold and claim the land in suit from and under a common source, the defendant is estopped from proving the existence of a superior outstanding legal title with which he is not connected beyond the common source of title.

We can not agree to this view of the question.

The effect of proof of common source and the plaintiff's superiority of title from that source is simply to establish in plaintiff a prima facie title and right to recover. The effect of such evidence establishing common source is not to build up an estoppel against the defendant and preclude and estop him from proving facts that will show that the plaintiff has no title and that he is not entitled to recover. We think the whole question of common source is one of evidence, and not of estoppel. The plaintiff, in order to prevail, must recover upon the strength of his title, and this may be shown by evidence of common source and the superiority of his title from that source; but it by no means follows, when this is done, that the defendant is not permitted to overcome and destroy the effect of the prima facie title established by the plaintiff, by evidence tending to show

that this title is worthless and that plaintiff has not the superior title. If the law was otherwise, the effect would be to create against the defendant an estoppel whenever the plaintiff saw fit to connect him with a title under which he also claims. Thus the consequence would be to force upon the defendant a recognition of the superiority of the plaintiff's title, when as a fact he is in nowise connected with it as a party to it, and when no act of his brought about the situation of the plaintiff or misled him in dealing with the title. Unquestionably, to our minds, in such a case the essential elements of estoppel are wanting.

Our views upon this question are to some extent justified by the expressions of the court in the cases of Keys v. Mason, 44 Texas, 143; Koenigheim v. Miles, 67 Texas, 119; Howard v. Masterson, 77 Texas, 41; and Finn v. Williamson, 75 Texas, 337.

It will be seen that all of the appellees, except the railway company, alleged that they claimed title to their respective interests in the land under Lafayette Cleveland; and for this reason the appellant contends, that by this special mention and averment of the title under which they claim those defendants so alleging are confined to the title so pleaded, and that for this reason they should not have been permitted to prove the superior outstanding title. The defendants all pleaded not guilty.

The rule upon this subject is, that when the defendant in trespass to try title pleads not guilty, and also specially pleads and sets out the title under which he claims, he will not be permitted to offer evidence of other title placing the land in him than that alleged. In the evidence of title in him he will be confined to that specially alleged. But this will not prevent him from proving facts that show that the plaintiff has no title and that it is worthless, or other facts that will defeat a recovery by the plaintiff, provided such other fact is not the assertion of a title in the defendant that it is not embraced in his pleadings specially setting out his title. Koenigheim v. Miles, 67 Texas, 114.

The extent of the rule is, that if the defendant specially pleads his title, he will, in the proof of his title, be confined to that set out; but if he has also a plea of not guilty, he may under that prove any independent fact that tends to show that the plaintiff has no title, or that it is void, or that he for some valid reason should not be permitted to recover.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered February 7, 1894.