## L. C. PUCKETT v. E. E. McDANIEL ET AL.

### No. 1154.   Decided December 11, 1902.

**Deed—Reservation Repugnant to Granting Clause—Judgment—Tenants in Common.**

After partition of land between two part owners, one of them, who had received one-fourth of the tract, was sued by another claimant of an undivided interest of one-sixteenth of the whole tract, who recovered judgment. Afterwards this plaintiff conveyed to the other part owner his one-sixteenth interest in the whole tract, reserving from the operation of the deed the interest which he had recovered in the suit against the other. Held, that the judgment determined only plaintiff's right to be admitted to possession as a cotenant, and was not a recovery of any part of the interest of defendant; but if construed as a recovery of plaintiff's entire one-sixteenth undivided interest in the whole tract out of the one-fourth interest held by defendant, the reservation of what was so recovered from the operation of the deed was of the grantor's whole interest in the entire tract, and hence void as being repugnant to the granting clause.

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Puckett sued McDaniel and others, and obtained judgment which, on appeal by defendant was reversed and rendered in their favor. Puckett then obtained writ of error.

*J. B. Scarborough,* for plaintiff in error.—The only question is, did plaintiff in his conveyance to defendant McDaniel convey the interest he recovered in this suit, which was by decree of the court directed to be partitioned to him? That he did not in fact convey it is plainly set out in the conveyance; the reservation is full, distinct, and complete, and is fully stated in the instrument.

The court finds as a conclusion of fact that it was not the intention of the parties to that agreement, or conveyance, that he should convey, and this finding is conclusive of the question against appellant.

*Clark & Bolinger,* for defendants in error.—The so-called reservation of appellee in his deed to appellant of November 22, 1895, constituted in

law an "exception" rather than a "reservation," and in so far as said exception is attempted to be used by appellee to affect the title or possession of appellant to any portion of the premises so sold and conveyed, the same is void and inoperative, in that such exception is repugnant to the grant made by appellee to appellant in said deed of conveyance. 5 Am. and Eng. Enc. of Law, p. 456; 2 Dev. on Deeds, sec. 979.

The appellee having conveyed to appellant (joined by his sister, H. Belle Hamilton) an undivided one-eighth interest in and to the 116 26-100 acres, it being the entire interest recovered by the grantors in said deed in cause No. 6285 against appellant E. E. McDaniel and her vendee, and having expressly declared in the deed that it was the intention to release to appellant all interest so recovered, it being the full interest owned by the grantors in said land by virtue of their inheritance from their father, L. F. Puckett, and having made this conveyance with covenant of warranty, the appellee was estopped to assert any right or title in said undivided interest of one-eighth so conveyed, which he then held or might afterwards acquire. Corzine v. Williams, 85 Texas, 499, and other Texas authorities.

GAINES, CHIEF JUSTICE.—This suit was brought by plaintiff in error to recover of defendants in error an undivided one-sixteenth interest in a tract of land containing 116 acres. He obtained a judgment in the trial court; but the case having been appealed to the Court of Civil Appeals, the judgment was there reversed and judgment was rendered that he take nothing by reason of his suit.

The case was tried before the court without a jury and the trial judge filed his conclusions of law and fact. The assignments of error in the Court of Civil Appeals are upon the court's conclusions of law only.

The facts as found by the court, briefly stated, are as follows: W. B. Loftin, E. J. Gurley, and L. F. Puckett at one time owned the land as tenants in common, and all parties claim under them. Loftin owned one-half, Gurley and Puckett each one-fourth. Loftin's interest passed by descent and conveyance to one J. B. McDaniel. L. F. Puckett died and his wife qualified under the statute as survivor for the purpose of administering the community estate. Afterwards, however, she married one Boggess, and subsequent to such marriage, as survivor of the community, gave a mortgage with a power of sale upon the community interest in the land. A sale was made by virtue of the power given in the mortgage, and J. B. McDaniel became the purchaser at the sale. It seems to be conceded that L. F. Puckett's one-fourth interest was community of himself and wife and that this sale passed the interest of Mrs. Boggess, his widow, in the property, but did not pass that of L. C. Puckett and his sister, one Mrs. Hamilton, who were the children and heirs of her deceased husband. After the sale to McDaniel, the land was partitioned between him and Gurley upon the theory that McDaniel's interest was three-fourths and Gurley's one-fourth—Gurley receiving in the

partition 17 35-100 acres and McDaniel 94 41-100 acres—presumably for the reason that the parcel set apart to Gurley was equal in value to one-fourth of the whole tract. McDaniel subsequently conveyed the parcel set apart to him to his mother, Mrs. E. E. McDaniel, the defendant in error. Mrs. McDaniel subsequently conveyed certain portions of the tract conveyed to her to Eliza Jones, Daisy Johnson, Emma Boyd, and Jerry Boyd, all of whom were made defendants in this suit. G. R. Bryce subsequently acquired Gurley's title to the tract of 17 35-100 acres set apart to him in the partition. Such being the state of the title to the respective parcels which were set apart in the partition, L. C. Puckett and his sister, Mrs. Hamilton, brought suit (No. 5667) against J. B. McDaniel and G. R. Bryce for an undivided one-eighth interest in the entire tract. J. B. McDaniel having previously sold to his mother, disclaimed, and in October, 1892, a judgment was rendered in favor of Bryce against Mrs. Hamilton and also against Bryce in favor of L. C. Puckett, one of the plaintiffs in that suit and the plaintiff in error here, for one-sixteenth undivided interest in the land. This judgment was affirmed upon appeal.

In 1892 L. C. Puckett and his sister, Mrs. Hamilton, brought another suit (No. 6285) for an eight interest in the land against Mrs. E. E. McDaniel, G. R. Bryce, Eliza Jones, Charles Jones, Jerry Boyd, and Daisy Johnson. Bryce pleaded in abatement the former suit against him, which was then pending on appeal in the Court of Civil Appeals, and his plea was sustained. The cause having been tried between the plaintiff and the other defendants, resulted in a judgment in favor of the plaintiff for an undivided one-eighth interest in the entire 116 26-100 acres of land.

Afterwards L. C. Puckett and Mrs. Hamilton, who was joined by her husband, executed to Mrs. E. E. McDaniel a deed which in part reads as follows: "Know all men by these presents: That we, Layton C. Puckett, Belle Hamilton, and W. A. Hamilton, husband of the said Belle Hamilton, all of the county of McLennan and State of Texas, for and in consideration of fifty ($50) dollars, to us in hand paid by E. E. McDaniel, of the county of Hill and State of Texas, and for the further consideration that the certain judgment hereinafter referred to was erroneous and invalid, have this day granted, bargained, sold, and conveyed and released, and by these presents do bargain, sell, convey, and release unto the said E. E. McDaniel, of the county of Hill and State of Texas, all interest we have by virtue of a certain judgment hereinafter described, in and to the following described tract of land, to wit:" [Here follows a description of the 116 26-100 acres of land.] "The said interest herein conveyed and released being an undivided one-eighth interest in and to the land herein described, as shown by judgment rendered in the District Court of McLennan County, Texas, on January 6, 1894, Nineteenth Judicial District, in cause No. 6285, Layton C. Puckett et al. v. E. E. McDaniel et al., and being the entire interest

recovered by us against the said E. E. McDaniel, Eliza Jones, Jerry Boyd, Charlies Jones, and Daisy Johnson, defendants in the above cause, it being the intention herein to release to the said E. E. McDaniel all interest recovered by us against all of the above named defendants in said above judgment, which is of record in book ——, on the minutes of the District Court, Nineteenth Judicial District, McLennan County, Texas, to which reference is hereby made for description.

"And it being further understood that said grantors hereby reserve all rights adjudged to them by virtue of the former judgment in cause No. 5667, in which these grantors were plaintiffs and G. R. Bryce and others defendants, and which judgment was lately affirmed by the Court of Civil Appeals of the State of Texas."   Then follows a habendum and tenendum clause and also a special warranty.

Upon the facts so found, the trial court concluded as a matter of law that the plaintiff L. C. Puckett was entitled to recover an undivided one-sixteenth interest as sued for; and judgment was rendered for the plaintiff against all the defendants for an undivided one sixty-fourth interest in the entire tract and a decree of partition was entered. The latter, provided, in effect, that if it could be done without prejudice to the rights of the plaintiff, the interest adjudged to him should be set apart to him out of that part of the tract which was conveyed to J. B. McDaniel in the partition between him and Gurley and conveyed by him to the defendant, Mrs. McDaniel, and out of that portion of such parcel as had not been conveyed to her codefendants; and that if this could not be done the whole 116 26-100 should be divided, and that in the partition the plaintiff should receive one sixty-fourth, the defendant Bryce one-fourth, and Mrs. McDaniel and her vendees forty-seven sixty-fourths.

The Court of Civil Appeals held that the reservation clause in the deed was repugnant to the grant and was therefore void. We were not inclined to accede to this proposition, and for that reason granted the writ of error. Koenigheim v. Miles, 67 Texas, 113; Watkins v. Tucker, 84 Texas, 428. But as the case now presents itself to our minds, we do not think it necessary to decide that question. Very clearly the granting clause of the deed conveys to Mrs. E. E. McDaniel all that the grantors had recovered against her and her vendees in suit No. 6585. That recovery was of an eighth interest in the entire tract of 116 26-100 acres of land, so far as the defendants therein were concerned. When the judgment was rendered Bryce's plea in abatement had been sustained and he had ceased to be a party to the suit. The reservation was as to the interest recovered by L. C. Puckett in cause No. 5667, against Bryce. So far as we can see from the meager statement of the nature and result of that suit, as found in the conclusions of fact in this case, it was a suit by the plaintiffs as tenants in common asserting title to an eighth undivided interest in the land against J. B. McDaniel, who had once owned five-eights undivided interest in the property, and claimed to own

96 Supreme—7.

another eighth, and who had made a partition with Gurley, who had an undisputed title to one-fourth; and against Bryce, who had become the owner of Gurley's interest. J. B. McDaniel had disclaimed and the suit proceeded against Bryce alone. Bryce claimed to own the 17 35-100 acres which had been set apart in severalty, and in case the partition was invalid he was equitably entitled to an undivided one-fourth in the whole tract, which that parcel is presumed to have represented. In the light of the facts as to the title shown in this case, the main point in dispute between the plaintiffs in that suit and Bryce must have been, whether the attempted partition was valid or not. Upon that issue Puckett prevailed, and obtained a judgment against Bryce to the effect, that he was entitled to an undivided one-sixteenth interest in the whole tract. All the tenants in common not being before the court, a partition could not be decreed. That the judgment determined that as against Bryce, Puckett was the owner of the one-sixteenth interest, and was entitled to be admitted to possession of the whole in common with Bryce, is not to be denied. But that it determined anything more does not appear. Puckett having established his title and that the partition was not binding upon him, was entitled to just such judgment as was rendered, whatever may have been the extent of Bryce's interest therein, provided Bryce had as tenant in common any interest whatever. Therefore it can not be said that it was adjudged that Puckett should have any part of the undivided one-fourth to which the facts of this case show Bryce was equitably entitled. Puckett and his sister, in cause No. 6285, recovered a judgment against Mrs. McDaniel and her vendees for a one-eighth undivided interest in the land. This interest in the granting clause of the deed they expressly conveyed to Mrs. McDaniel. Waiving the question of repugnancy in the reservation the inquiry arises, what was reserved? Only what Puckett had recovered in the first suit. We have seen that the extent of that recovery against Bryce was that as to Puckett the partition was invalid, and that he as a tenant in common was entitled to be admitted to concurrent possession with Bryce.

But, from the judgment in the present case, the trial court seems to have been of the opinion that the effect of the adjudication in cause No. 5667 was that Puckett recovered a sixteenth interest of Bryce's one-fourth. This is deducible from the fact that Puckett is allowed by the judgment in this suit a recovery of one sixty-fourth undivided interest in the land. If Puckett had sued for one-sixteenth interest in the tract of 17 35-100 acres claimed in severalty by Bryce, and had recovered, and the partition had proved to be invalid, there would have been some ground for such a judgment. But such was not the fact. The suit was for one-sixteenth interest in the entire tract, and if Puckett recovered any of Bryce's interest in that suit it must have been one-sixteenth of the whole, which would have been one-fourth of Bryce's interest. If such is a proper construction of the judgment, then the granting clause of the deed conveys Puckett's one-sixteenth interest and the reservation re-

serves the same from the grant. This would be a clear case of repugnancy. Koenigheim v. Miles, supra.

We are of the opinion that the judgment of the Court of Civil Appeals should be affirmed, and it is accordingly so ordered.

*Affirmed.*