No. 2248.

## W. D. CLEVELAND *v.* I. N. HARDING ET AL.

1. PARTNERSHIP—ACCOUNT—ADMINISTRATION.—The widow of a deceased husband, who at the time of his death owned with his wife as community property a stock of goods, continued without administration to carry on a mercantile business under the old name with the consent of the husband's heirs, the widow receiving the profits, and some of them assisting in the business and holding themselves out to the world as being interested in it—the stock was from time to time replenished—afterwards administration on the estate was begun, and a creditor who had furnished goods after the husband's death sued the widow and children as partners, and garnisheed the administrator; *held:*

(1) For debts contracted in keeping up the mercantile business, the property of the widow and of those heirs engaged in conducting it, was liable, whether it consisted of the stock in trade or other means.

(2) The court should have ascertained what effects held by the administrator belonged to the deceased husband at the time of his death, and what had been since acquired by defendants. As to the former the garnishee could not be charged as they were to be administered under orders of the county court. As to the latter they formed no part (presumably) of the estate of the deceased, and unless it be clearly shown that they were acquired with the property of the deceased, by exchange or purchase, they would be liable to plaintiff's garnishment.

APPEAL from Jefferson.  Tried below before the Hon. W. H. Ford.

*Hal. W. Greer,* for appellant, cited Crozier v. Kirker, 4 Texas, 258; Brinkley v. Harkins, 48 Texas, 225; Stevens & Andrews v. Gainesville National Bank, 62 Texas, 501; Cleveland v. Anderson, 2 Willson's Civil Cases, sections 147-8; Id., section 800; Miller v. Marx & Kempner, Texas Law Review, November 24, 1885, p. 734; 2 Stark. Ev., 582-3; Parsons on Part., 1, 9, 42, 69; Strauss v. Jones, 37 Texas, 313; Coons v. Renick, 11 Texas, 134; Burnley v. Rice, 18 Texas, 481; Powell v. Messer, 18 Texas, 402; Congden v. Monroe, 51 Texas, 111; Willis v. Morrison, 44 Texas, 27.

*Tom. J. Russell,* for appellee, cited Goode v. McCartney, 10 Texas, 193; Bradshaw v. Apperson, 36 Texas, 133; Cushing v. Smith, 43 Texas, 261; Collyer on Partnership, section 97.

WILLIE, CHIEF JUSTICE.  W. D. Cleveland brought suit against Elizabeth Harding, George N. Harding, Laura Harding, Lousia Doucette (nee Harding) and her husband, A. B. Doucette, as partners under the firm name of I. N. Harding on a verified account for goods sold and delivered amounting to two hundred and forty-seven dollars and fifty-eight cents.  He also sued out a writ ·of garnishment against George E. Vallade, who answered denying any indebetedness to the firm, or having any of their effects in his possession.  This answer was contradicted by the plaintiff; and the partnership of the defendants having been denied by them under oath, and the general denial having been pleaded by them the case went to trial upon these issues as between the plaintiff and the defendants and upon the issue as above stated between the plaintiff and the garnishee.

The facts as developed upon the trial showed that I. N. Harding, who was, at the time, a merchant in Beaumont, Texas, died July 10, 1884, leaving a widow, the defendant Elizabeth Harding, and George and Laura Harding and Lousia Doucette, his children, and that these four were the only persons entitled to the estate left by him, all of which was the community property of himself and the said Elizabeth Harding.  Mrs. Harding, the widow, at first proposed to administer the community estate as survivor, but afterwards concluded to continue the business previously carried on by her husband, which was done with the approval of her children.  The mother and children permitted

their interest in the property to remain in the business as before the death of I. N. Harding.

There is some conflict or at least uncertainty in the evidence as to the understanding upon which the business was carried on after the death of I. N. Harding. According to the testimony of George Harding, one of the sons of the deceased, who seems to have been in charge of the business for some time, the widow and heirs together kept up the former business of I. N. Harding and shared in its profits; according to the testimony of others of the defendants, the heirs allowed it to be carried on by their mother, and received none of the profits, but some of them were paid salaries for services rendered as clerks, or employes in conducting the business.

Whilst the business was thus carried on, the account upon which this suit is brought was contracted. Subsequently in August, 1885, Vallade administered on the estate of I. N. Harding, and as such received into his charge such goods as were at the time in the business conducted as before stated in the name of I. N. Harding. The court in which the administration was opened, set aside out of the estate $800 to the widow as exempt property. It did not clearly appear what part of the goods taken into possession by the administrator were of the stock left by I. N. Harding at the day of his death and how much was acquired after his death. The cause was submitted to the judge for his decision, and his conclusions of law and fact show that he held that no partnership by agreement of the heirs had been shown, or that their agreement with one another was calculated to make any one dealing with the firm believe that they were partners; that they merely consented that their mother might carry on the business, and that their interest might remain in it, and that this would not make them partners. He further concluded that most of the goods in Vallade's hands were old goods on hand when I. N. Harding died, and that Vallade was administering his estate, and therefore none of the goods which came to him could be subjected to the garnishment, and he accordingly gave judgment for the appellees. From that judgment this appeal is taken.

Upon the death of I. N. Harding the stock of goods with which he was doing business, being community property, passed to his wife and children, charged with the payment of community debts, and these were to be first satisfied before any subsequently contracted by the widow and children could be enforced

against it. The community estate not having been administered as provided by law, and creditors not seeking to subject it to their claims, there was no obstacle to the widow and children continuing the business followed by the deceased, and replenishing the stock by contracting debts for new goods to be placed in it subject to the right of creditors of the deceased to proceed against the old stock to satisfy their debts. There can be no doubt but that for any debts contracted in keeping up the business the property of those carrying on the trade would be liable, whether it consisted of the stock in trade or other means. A business thus conducted would be governed by the same rules as if it were prosecuted by other parties. The parties engaged in it would be partners or not accordingly as they had so agreed or shared in the profits, or held themselves out to the world as such. If the evidence showed satisfactorily that the defendants continued the business of the deceased by agreement between themselves, shared in the profits of the same, or by their conduct induced the appellant to believe that they were partners and credit them as such, they were liable for the debts contracted under the circumstances.

The evidence is not clear, as to the terms upon which the business was conducted after the death of I. N. Harding. The testimony of George Harding tended strongly to prove a partnership between the widow and her children formed by agreement, and in which each member of the firm shared in the profits of the concern. The evidence of the widow and the other children tended with equal force to show that she conducted the business for her own benefit, paying her children salaries for their services in assisting her. Did the plaintiff's right depend solely upon the establishment of a partnership between the defendants, or as to himself, we could not say that the court committed an error in finding against him upon this point, and rendering judgment for the defendants. But the evidence is uncontroverted that the debt sued on was contracted for goods furnished the person or persons merchandising under the name of I. N. Harding, and to replenish the stock in trade of that concern, whether a partnership or not. The debt accruing from the purchase of these goods was due either from the widow alone, or from the widow and such of the other defendants as were interested as partners with her in the store, or held themselves out to the plaintiff as being interested in the business. The plaintiff held a just debt payable by the parties carrying on the business, and was enti-

tled to a judgment against them. He may have been mistaken as to the names and number of the persons, who were carrying on the business, and charged some parties as partners who were not actually so; but the evidence is beyond dispute that one or more of the parties made defendants to the action were conducting a mercantile business under the name of I. N. Harding, and as such had contracted the debt, and against such he was certainly entitled to judgment.

The court should have determined from the evidence which of the defendants, if any, were carrying on the business in the name of I. N. Harding, and had bought the goods of Cleveland, and against such, whether one or more, should have rendered judgment for the plaintiff.

The court should further have ascertained, if possible, what effects, of those held by Vallade, the garnishee, as administrator of I. N. Harding, deceased, were the property of said deceased at the date of his death, and what had been since acquired by the defendants, who had kept up the business after his death. As to the former the garnishee could not be charged, as they were to be administered by him under the orders of the county court. But as to the latter, they did not, presumably at least, from any part of the deceased's estate; and unless it can be clearly shown upon another trial that they were acquired with the property of the deceased by exchange or purchase, they should be held liable to the plaintiff's garnishment. In order that the case may be disposed of below in accordance with these views, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 15, 1887.