ZERILDA CRAVENS ET AL. v. N. M. WHITE.

No. 6303.

1. **Deed by Married Woman.**—A deed by a married woman, in which her husband does not join and concerning the execution of which she is not privily examined as required by statute, conveys no title.

2. **Deed.**—When the intention of the maker of a deed can be clearly arrived at from the language used effect must be given to it.

3. **Same.**—A deed was made to land which was referred to as containing one hundred and ninety acres, and which by its calls embraced a tract of one hundred and twenty acres, though the one hundred and twenty acres were referred to as follows: "Furthermore, this deed is not to interfere or in the least conflict with or include any part or parcel of one hundred and twenty acres heretofore deeded to said A. Dougherty (one of the grantors) by said Nancy M. White, but the right to said A. Dougherty made as aforesaid holds good, and the one hundred and twenty acres is yet held and owned by A. Dougherty in and out of said one hundred and ninety acres." *Held:* The apparent repugnancy of the provisions of the deed should be reconciled by giving effect to the manifest purpose of the grantor to except from the land conveyed the one hundred and twenty acres.

4. **Partition.**—A married woman who participates in a voluntary partition between herself and other joint owners of land, and who executes a deed in partition, though it be not acknowledged as required by statute or signed by the husband, it may be enforced when she acts on the division as made by receiving and appropriating other property conveyed to her in partition of the entire estate, all parties in interest regarding the land thus conveyed by her as a part of the general partition. The irregularity in the execution of the deed in such case becomes unimportant since the married woman could have bound herself by co-operating in a parol partition of the estate.

APPEAL from Fannin. Tried below before Hon. D. H. Scott. The opinion states the case.

*Richard B. Semple*, for appellants.—The court erred in its finding that in an agreed partition between the heirs of James Dougherty, in 1860,

the land in controversy was set apart to plaintiff.    3 Washb. on Real Prop., sec. 13.

The court erred in its finding that plaintiff never received the benefit of any consideration for the land sold by her to A. Dougherty.    Stacheley v. Pierce, 28 Texas, 328; 2 Whart. on Ev., sec. 1124.

No brief on file for appellee.

STAYTON, CHIEF JUSTICE.—Appellee brought this action to recover one hundred and twenty acres of land, a part of a survey granted to the heirs of James Dougherty as a part of his headright.

The survey of which the land in controversy is a part contains five hundred and twenty-six acres, and the balance of the headright, which consisted of 1280 acres, seems to have been embraced in another grant which also descended to the heirs of James Dougherty.

His heirs were his children Andrew Dougherty, Sarah Thomas, the appellee, and the children of a deceased son.

On the trial the following deeds were offered in evidence:

1.    Deed by A. Dougherty and coheirs, except plaintiff, conveying to plaintiff a tract of 190 acres out of the James Dougherty survey, embracing the premises in controversy, dated December 26, 1860.

2.    Deed from plaintiff and coheirs, except A. Dougherty, conveying to A. Dougherty 90 acres of 331 acres patented to James Dougherty, dated December 26, 1860.

3.    Deed from A. Dougherty and coheirs, except heirs of Charles Dougherty, to Polly Ann Dougherty, for herself and as guardian of minor heirs of Charles Dougherty, conveying 320 acres patented to James Dougherty.

4.    Deed from plaintiff and coheirs, except A. Dougherty, conveying to A. Dougherty 16 acres of said James Dougherty survey, dated December 26, 1860.

These deeds all bear date December 26, 1860.    The consideration mentioned in them all is certain relinquishments made by the grantees to portions of the 1280 acres headright lands of James Dougherty, which are located in Fannin County.    These deeds do not dispose of one-half of the 1280 acres, though plaintiff proved that Sarah Thomas had a similar deed for her part of the Dougherty survey, but it is not shown how many acres she got.    Prior to the date of these deeds plaintiff had sold to A. Dougherty the premises in controversy, her deed to him bearing date October 7, 1859.    In this deed, however, her husband did not join, nor did he join in any of the deeds to the several heirs.    In the partition deed that plaintiff received for the 190 acres the following language appears:

"Furthermore this deed is not to interfere or in the least conflict with

or include any part or parcel of one hundred and twenty acres heretofore deeded to said Andrew Dougherty by said Nancy M. White; but the right to said A. Dougherty made as aforesaid holds good, and the one hundred and twenty acres is yet held and owned by A. Dougherty in and out of said one hundred and ninety acres."

The court below found that those several deeds were made in partition of the estate of James Dougherty, and this is probably true, but it is evident that the entire partition is not shown.

The court below properly held the deed executed to Andrew Dougherty of date October 7, 1859, by appellee invalid, because she was neither joined by her husband nor privily examined, and rendered a judgment in her favor for the land.

Appellants Cravens claim the land through a deed made by Andrew Dougherty subsequent to the deed made to him by appellee.

To sustain the judgment it must appear that appellee has title in severalty to the one hundred and twenty acres of land for which she sues, for otherwise she can not recover from appellants, who claim under and title from Andrew Dougherty, who as coheir of appellee had originally the same interest as she. She is not then entitled to the judgment rendered in her favor through inheritance from her father. The only other right shown by her comes through the deed executed to her by Andrew Dougherty and coheirs, of date December 26, 1860. That deed in describing the land speaks of the tract as one containing one hundred and ninety acres, but it is evident that this was intended only to be descriptive of the tract.

The concluding clause of that deed shows clearly that it was not the intention of its makers that the one hundred and twenty acres of land therein referred to should pass to appellee, and however unusual the form of the deed may be, effect must be given to the intention of the makers.

There is more or less repugnancy in the provisions of all deeds in which a part of the thing embraced in the general description is excepted from the operation of the instrument, but in this case we are of opinion that the repugnancy is not such as to render the exception void.

That deed was executed by Mrs. Thomas, who was an equal heir with appellee and Andrew Dougherty, and it was executed by those who assumed to represent the interest of another son of James Dougherty, and on its face shows as clearly the intention of those persons as well as Andrew Dougherty that he should hold the one hundred and twenty acres as would it have shown an intention that appellee should hold the entire tract, embracing the smaller, had not the excepting clause been inserted in the deed.

Appellee must have understood when she received that deed that its makers did not intend she should thereby become entitled to the land she

now seeks to recover, for there is no uncertainty in the language of the deed in this respect.

It negatives any intention on the part of any one of its makers by it to confer on appellee any right to the land in controversy, and even goes further and attempts to validate the deed made by appellee to Andrew Dougherty.

What effect the acceptance of this deed by appellee ought to have upon her former deed can not be ascertained from the facts before us, but if it should be made to appear that the deed through which appellee attempted to convey the land in controversy to Andrew Dougherty was regarded as a part of the general partition of the estate of James Dougherty, and that she received her entire interest in the estate in property other than that in controversy, then she ought to be held to have made through her deed and the acceptance of the deed in question a valid partition of the estate of her father, for this she might legally have done by parol.  Wardlow v. Miller, 67 Texas, 399.

The land in controversy seems susceptible of identification, and unless appellee is precluded from claiming any part of it by reason of equities growing out of a general partition of her father's estate she is still the owner of an undivided one-fourth interest in it, for the mere acceptance of the deed in controversy, as the case is now presented, can not be held to divest the interest which she took by inheritance nor to estop her from claiming that, but she does not now show that she owns a greater interest in the land.   It is evident that the record does not show all that was done in the partition of the estate of James Dougherty, and it would be useless to speculate on probabilities suggested by it.

Believing that the evidence does not sustain the judgment it will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 26, 1889.