**ASSOCIATED OIL CO. et al. v. HART et al.
(No. 526—4205.)**

(Commission of Appeals of Texas, Section B. Dec. 10, 1925.)

**1. Mines and minerals ⬅➡55(1)—Minerals in place may be severed from remainder of land.**

Minerals in place may be severed from remainder of land by appropriate conveyances and by exception or reservation in deed.

**2. Deeds ⬅➡139, 142—Reservation or exception destroying fee is void for repugnancy.**

Where a deed conveys in full the fee in land, any reservation or exception tending to destroy the fee granted is void because of repugnancy.

**3. Deeds ⬅➡93—Intention of parties is primary consideration in construction.**

In construing a deed the intention of the parties as gathered from the instrument is the primary consideration.

**4. Mines and minerals ⬅➡55(1)—Exception of minerals in place from grant of fee held not void for repugnancy.**

Where deed conveyed land by general description and by metes and bounds, together with all rights, members, hereditaments, and appurtenances, with general covenant of warranty, an exception of the minerals in place which parties clearly intended to make *held* not void for repugnancy.

**5. Appeal and error ⬅➡1089(5)—Supreme Court will examine all questions presented to Court of Civil Appeals before reversing.**

Before reversing a judgment of the Court of Civil Appeals, the Supreme Court will look into all questions presented to the Court of Civil Appeals for the purpose of ascertaining if such judgment can be sustained upon any other ground, as a correct judgment will not be reversed because reasons given were erroneous.

**6. Appeal and error ⬅➡1175(1)—Case should be remanded and not rendered where ends of justice will be better subserved.**

Where a judgment has been reversed, case should be remanded to the trial court rather than judgment rendered, where the ends of justice will be better subserved thereby.

**7. Appeal and error ⬅➡1177(7)—Case requiring reversal because of insufficient evidence should be remanded and not rendered.**

Where judgment for plaintiffs was reversed and rendered in Court of Civil Appeals on grounds which were not sustainable on appeal to Supreme Court, but where evidence is insufficient to support plaintiff's claim, there being no showing that the missing evidence cannot be supplied, Supreme Court will remand case for new trial rather than affirm judgment of Court of Civil Appeals.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by the Associated Oil Company and others against I. N. Hart and others. Judg-ment for plaintiffs was reversed and rendered for defendants in the Court of Civil Appeals (261 S. W. 506), and plaintiffs bring error. Reversed and remanded to trial court for new trial.

Burkett, Orr & McCarty, of Eastland, Baker, Botts, Parker & Garwood, of Houston, and E. F. Smith, of Austin, for plaintiffs in error.

J. Tom Higgins, of Lampasas, D. K. Scott, of Cisco, and Phillips, Townsend & Phillips, of Dallas, for defendants in error.

SPEER, J. This controversy involves the ownership of the oil, gas, and other minerals in and under the east ½ of the S. W. ¼ and the N. W. ¼ of the S. E. ¼ of section 57, block 4, Houston & Texas Central Railway survey of lands in Eastland county. The plaintiffs in error, as plaintiffs in the trial court, sued the defendants in error to recover the title and possession of such minerals and had a judgment in that court. The Court of Civil Appeals reversed this judgment and rendered judgment for the Harts upon the ground that the reservation of the minerals under which the plaintiffs claimed was repugnant to the grant of the deed in which it was contained and therefore void. 261 S. W. 506.

The findings of fact by the trial court are set out in full in the opinion of the Court of Civil Appeals and will not be restated. It is sufficient here to ·say the Houston & Texas Central Railway Company is common source of title, and the plaintiffs in error by mesne conveyances are the owners of all the right, title, and interest in the minerals reserved in the deed of January 30, 1877, by the Houston & Texas Central Railway Company to Jane R. Smith; the reddendum clause thereof reading:

"It is expressly agreed and stipulated that the vendor's lien is retained until the hereinbefore described note, with interest, etc., thereon, in accordance with the tenor, effect, and reading, shall be fully paid, upon which this deed will become absolute, a strip 200 feet wide for right of way and other railroad purposes should a branch of its road be located on the premises, and all minerals in and on said land, together with the right of way for convenient access thereto, are reserved and excepted from this grant and conveyance."

It is this reservation that the Court of Civil Appeals held to be repugnant to the grant of the deed. The deed to Jane R. Smith was a grant of the land by general description and by metes and bounds "together with all and singular the rights, members, hereditaments and appurtenances to the same belonging or in anywise incident or appertaining," with general covenant of warranty, followed by the exception in the reddendum clause above quoted. The deed did not specifically grant any of the minerals.

[1, 2] It is elementary that the minerals in place may be severed from the remainder

of the land by appropriate conveyances, and, further, it is well settled that this severance may be made by an exception or reservation in the deed. Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607; Luse v. Parmer (Tex. Civ. App.) 221 S. W. 1031; Luse v. Beatman (Tex. Civ. App.) 217 S. W. 1096; Tiffany on Real Property, vol. 1, p. 876; volume 2, p. 1609; Thornton on Oil and Gas (3d Ed.) § 342. But this general statement is subject, of course, to the equally well settled rule stated by the Court of Civil Appeals that where a full grant of the fee in land is made in a deed by the granting clause, any reservation or exception which has the effect to destroy the fee granted is void because of the repugnancy. So, bearing in mind these two equally well established principles, we will examine the question further.

[3] In construing a deed, like any other written instrument, the primary and all-important consideration is the intention of the parties as gathered from the instrument. Cravens v. White, 73 Tex. 577, 11 S. W. 543, 15 Am. St. Rep. 803. No extended citation of authorities is needed to a proposition so elementary. Even where different parts of the instrument appear to be uncertain, ambiguous, or contradictory, yet, if possible, the court will harmonize the parts and construe the instrument in such way that all parts may stand, and will never strike down any portion except there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part. The strictness of the ancient rule as to repugnancy in deeds is now much relaxed, and the saner method is applied of permitting all parts of the instrument to stand where possible and to gather the intention of the parties from the whole instrument. See authorities cited in 18 Corpus Juris, p. 267, §§ 224 and 225. Generally, of course, the parties to an instrument intend every clause in such instrument to have some effect and in some measure to evidence their agreement, and this purpose should not be thwarted except in the plainest case of necessary repugnance. In truth, a reservation or exception which is repugnant to the grant is stricken from the instrument for the sole purpose of giving effect to the evident intention of the parties to the instrument. It is an artifice or arbitrary device adopted by the courts to accomplish the wholesome purpose of giving effect to the intention of the parties as gathered from the instrument as a whole. The rule permitting this arbitrary rejection of part of an instrument does not prevail, however, where there is room for construction through reconcilement of the parts. Bearing in mind that reservations and exceptions out of the thing granted are clearly allowed, it is necessarily true, as pointed out in Cravens v. White, in the nature of things "there is more or less repugnancy in the provisions of all deeds in which a part of the thing embraced in the general description is excepted from the operation of the instrument." This statement is not absolutely accurate when technically tested, but is abundantly true according to the common understanding. Of course, in law there is no repugnancy if the reservation or exception is explicable without destroying the grant in whole or in part. It merely presents a proper case for construction. Obviously, any disregard of any portion of the deed does violence to the act of the parties in employing such language and will never be resorted to arbitrarily. See Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360, and authorities there cited.

[4] Bearing in mind these principles, which are universal in their application, there can be no question as to the intention of the grantor with respect to the minerals after a reading of the deed of January 30, 1877. That instrument grants the land in the usual way to Jane R. Smith, but later in the reddendum clause declares:

"All minerals in and on said land, together with the right of way for convenient access thereto, are reserved and excepted from this grant and conveyance."

Now, the meaning is perfectly clear that the grantor did not intend, nor the grantee understand, that the minerals in and on said land were a part of the grant and conveyance, and such effect will not be given to the deed unless there is a clear repugnance in the reservation to the grant in the first place. It has been pointed out that the grant was by general description. It, of course, in the absence of any reservation or exception, would have conveyed the minerals, for these constituted a part of the land. The general description was sufficient to include the minerals. But the later exception of minerals evidences an intention not thus to include them, and the phraseology of the grant and exception is such there is no necessary conflict. It is true, perhaps, that an exception to be void for repugnancy does not have to be as broad as the grant, but it does have to be as specific as the grant; otherwise, there is no repugnancy. The illustration given by the Court of Civil Appeals from Judge Gaines in Koenigheim v. Miles, 67 Tex. 113, 2 S. W. 81, is apt. A grant of "block 5" in a certain town except "lot 1" is good and the exception will stand, not because "lot 1" is not included in the grant of "block 5," but because thus expressed there is evidenced the intention to convey block 5 less block 1. Whereas, a grant of lots 1, 2, 3, and 4 in block 5 will not permit an exception of "lot 1." There is a necessary contradiction of the grant. So, here, to parallel the illustration, if the deed had expressly granted the minerals, the subsequent attempt to except them would have been void.

The case of Freudenberger Oil Co. v. Sim-

mons, 75 W. Va. 337, 83 S. E. 995, Ann. Cas. 1918A, 873, is a very satisfactory discussion of the whole question.

We agree with the dissenting statement of Justice Higgins that the manifest purpose and intention evidenced by the deed under consideration "was to dissever the minerals from the surface estate and except the same from the operation of the grant, so that title thereto would remain with the grantor, together with the surface rights necessary to the complete enjoyment of the mineral resources of the land." The majority of the Court of Civil Appeals erred in reversing the judgment of the trial court and rendering judgment for the appellants because of the supposed repugnancy of the reservation to the grant in the deed of January 30, 1877.

[5] Since the judgment of the Court of Civil Appeals in favor of defendants in error is to be reversed, it becomes our duty to look into other questions presented by them to the Court of Civil Appeals for the purpose of ascertaining if such judgment can be sustained upon any other ground. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185; Hanes v. Hanes (Tex. Sup.) 239 S. W. 190.

At this point it is strenuously insisted by defendants in error that the judgment of the Court of Civil Appeals should, in any event, be affirmed because a judgment which is right on the record will not be reversed by the Supreme Court even though the Court of Civil Appeals has given an erroneous reason for its rendition. This statement of the rule of practice is, of course, accurate, and would be followed if the record justified its application. The argument for the contention is that it is not shown in the evidence that the lands in controversy (the minerals) were owned by the plaintiffs in error. The plaintiffs in error deraigned title through a trustee's deed to Frederic P. Olcott, conveying "all lands, town lots or blocks, real estate or interests in real estate of every kind and description" to which the said Houston & Texas Central Railway Company has title, claim, or equitable ownership," except the land and other property subject to the first mortgage on the Waco & Northwestern Division dated June 16, 1873." Now, this first mortgage was not introduced in evidence. The lands embraced in this mortgage appear to have been sold by trustee to George E. Downs, and, of course, if the lands in controversy were included in the mortgage and the sale to Downs, plaintiffs showed no title and should in no event recover. The Court of Civil Appeals discussed this question, but did not make any decision thereof as a basis for its judgment.

[6, 7] We have sought diligently to see if the record would authorize our holding that the land in controversy was not embraced in the first mortgage on the Waco & Northwestern Division excepted from the conveyance under which plaintiffs in error claim, but our search has been in vain. As already stated, this mortgage was not introduced in evidence, and it is by no means certain, even if inferable, that the land in controversy passed by the trustee's deed to Frederic P. Olcott. There is no reason to suppose this testimony cannot be supplied upon another trial, and it would be highly inequitable for us to render judgment, or what is the same thing, in effect, to affirm the judgment of the Court of Civil Appeals, and thus deprive plaintiffs in error of the opportunity to meet this defect in their case. It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction. Buzard v. Bank, 67 Tex. 83, 2 S. W. 59, 60 Am. Rep. 7; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217; Hill v. Moore, 85 Tex. 335, 19 S. W. 162; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; Smith v. Patton (Tex. Com. App.) 241 S. W. 109; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002; Camden, etc., Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; Baker v. Shafter (Tex. Com. App.) 231 S. W. 349; Pershing v. Henry (Tex. Com. App.) 255 S. W. 382. It being the duty of the Court of Civil Appeals upon reversing the judgment to remand the cause to supply the evidence thus wanting, we cannot affirm its judgment of rendition upon the theory that its judgment was right. Its judgment was wrong. It should be remanded.

We therefore recommend that the judgment of both courts be reversed, and the cause remanded to the trial court for a new trial consistent with this opinion.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.