## OWEN v. ASSOCIATED OIL CO. et al.*
### (No. 1648.)

(Court of Civil Appeals of Texas. El Paso. Feb. 4, 1926. Rehearing Denied March 4, 1926.)

1. Mines ad minerals ⊂⊃55(1)—Reservation or exception of minerals in place from grant of fee held not void.

Where deed conveyed fee, exception or reservation of minerals in place, together with license to search and work for same and right of convenient access, *held* not void, and oil, gas, and other minerals did not pass by deed.

2. Appeal and error ⊂⊃1177(1).

Where defect in title of appellees requires reversal, but might be corrected on retrial, judgment will be remanded for retrial rather than rendered.

3. Mines and minerals ⊂⊃55(7)—Release of vendor's lien held not to pass title to reserved mineral interest.

Where deed of fee reserved mineral interest in land, release of vendor's lien *held* not to pass title to mineral interest.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by the Associated Oil Company and another against Briggs Owen. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Grisham Bros., of Eastland, for appellant.

Burkett, Orr & McCarty, of Eastland, and Baker, Botts, Parker & Garwood, of Houston, for appellees.

HIGGINS, J. This is a suit by the appellees, Associated Oil Company and the Rio Bravo Oil Company, against the appellant, Owen, to recover the oil, gas, coal, and other minerals in and under a 40-acre tract of land. Judgment was rendered in favor of the plaintiffs.

[1, 2] The tract was conveyed by the Houston & Texas Central Railway Company to F. H. Lutterloh on November 7, 1876. The concluding paragraph of the deed reads:

"A strip 200 feet wide for right of way and other railroad purposes, should a branch of its road be located on the premises, and all mineral in and on said land and the license to search for and work the same, together with the right of way for convenient access thereto are reserved and exempt from this grant and conveyance."

By mesne conveyances the 40-acre tract passed to the appellant.

The mineral interest reserved by the grantor in the deed of November 7, 1876, by mesne conveyances passed to the appellees, subject to the defect in their chain of title later indicated.

The reservation or exception in the deed to Lutterloh differs in no material respect from that under consideration in Associated Oil Co. v. Hart, 277 S. W. 1043. The language is almost literally the same. Under the opinion in that case by Justice Speer of the Commission of Appeals it is clear that the oil, gas, and other minerals in the land did not pass to Lutterloh by the deed of November 7, 1876.

However, the title of the appellees is subject to the same defect pointed out by Justice Speer in the latter portion of his opinion in the case. This defect necessitates reversal. This may be corrected upon retrial, and the judgment will therefore be remanded for retrial rather than rendered. This was held to be the proper action to be taken in the case cited.

[3] There is no merit in the contention of appellant that the subsequent release of the vendor's lien reserved in the Lutterloh deed operated to pass the title to the reserved mineral interest.

All other questions presented by this appeal are ruled against the appellant by the opinion of the Court of Civil Appeals in the above cited case reported in 261 S. W. 506.

Reversed and remanded.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 12, 1926.