## BUCKNER v. KENY.

### No. 4793.

Court of Civil Appeals of Texas. Amarillo.

Sept. 27, 1937.

R. L. Graves, of Brownfield, for appellant.

Joe J. McGowan and L. C. Heath, both of Brownfield, for appellee.

FOLLEY, Justice.

The appellant, C. L. Buckner, filed this suit in the district court of Terry county, Tex., against the appellee, S. P. Keny, and other defendants. Appellant complains of the judgment below only as it affected his rights against the appellee, Keny. The case was an ordinary action in trespass to try title in which the appellant claimed title to the west half of the northeast one-fourth of section 18, in block M, Terry county, Tex. Appellant asserted his title by reason of a deed to him from J. H. Eubank and wife of the date of October 1, 1935. Eubank received his title from a sheriff's deed of the date of December 6, 1930. The land had been foreclosed by the state of Texas and sold for taxes under order of sale.

The appellee, in answer to the suit below, filed general denial and a plea of not guilty. The only evidence he introduced under said plea was his deed to the effect that he was only claiming the mineral rights to the land

362

under a reservation in a general warranty deed from J. H. Stamps and wife to L. D. Tucker, in which deed there was a clause purporting to reserve the mineral rights to the grantors. This deed was dated October 13, 1923. On November 10, 1924, Stamps deeded the mineral rights in the land to Keny.

Appellant attacks the judgment of the trial court on the ground that the deed from Stamps and wife to L. D. Tucker did not sever the mineral rights from the surface rights in the land. Appellant asserts that the purported reservation in the Stamps deed was insufficient to reserve the mineral rights, and that, by reason of this, the mineral rights, as well as the surface rights, passed to the appellant in the tax foreclosure sale. From an examination of the deed in question, following the names of the parties, the amount of the consideration and the acknowledging of the receipt of the consideration, we find this language:

"It is not intended to convey any of the Mineral Rights in or under the following described property, as same is retained by Grantors.

"Have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said L. D. Tucker, of the County of Knox, State of Texas, all that certain lot, tract or parcel of land lying and being situated in the County of Terry, State of Texas, and better described as being the North East Quarter of Section No. Eighteen (18), in Block 'M', Cert. No. 34/186, Abstract No. 723."

Appellant contends that the reservation clause, as above set out, is repugnant to the granting clause thereunder, and that the former would be void since the granting clause does not specifically except the minerals. We think it is evident from this record that the parties intended to reserve the mineral rights from the property passed by the deed. The important thing in construing a deed is the intention of the parties. While the two clauses above are in two separate paragraphs, the one follows the other, and though, singly, they may be inconsistent with each other, taken together there is no repugnancy. In 18 C.J. 267, § 224, is the following language: "The strictness of the ancient rule as to repugnancy in deeds is much relaxed, so that in this as in other cases of construction if clauses or parts are conflicting or repugnant the intention is gathered from the whole instrument instead of from particular claus-

es, and if it is the clear intent of the grantor that apparently inconsistent provisions shall all stand, it will be given that effect if possible. According to the trend of modern decisions, the technical rules of the common law as to the division of deeds into formal parts will not prevail as against the manifest intention of the parties as shown by the whole deed."

The rule above set out has been followed by our courts from time to time. It is our opinion that this deed severed the mineral rights from the surface rights and we so hold. Cravens v. White, 73 Tex. 577, 11 S.W. 543, 15 Am.St.Rep. 803; Koenigheim v. Miles et al., 67 Tex. 113, 2 S.W. 81; Associated Oil Co. et al. v. Hart et al. (Tex. Com.App.) 277 S.W. 1043; Freudenberger Oil Co. et al. v. Simmons et al., 75 W.Va. 337, 83 S.E. 995, Ann.Cas.1918A, 873.

Appellant also contends that, even though there was a severance of the mineral rights from the surface rights, the sale of the land in question under the tax foreclosure suit divested Keny of his mineral rights on the theory that such foreclosure was against both the surface and the mineral rights. From an examination of the record in the foreclosure proceedings we find that the affidavit for citation by publication prayed for the issuance of citation and for service only upon the defendant S. K. Merritt and his unknown heirs. No service was had upon appellee, Keny, and he was therefore not before the court to have any rights of his foreclosed in the judgment rendered. The record shows that prior to the foreclosure suit the minerals had been segregated from the surface rights. We, therefore, do not think Keny's rights to the minerals were disturbed by the tax foreclosure judgment.

Appellant further contends that the judgment in trespass to try title rendered in the court below denied him any relief against the appellee, not only as to the mineral rights in the land involved, but that the wording of the judgment amounted to a denial to him of a judgment against Keny for the surface rights. The judgment, after granting a recovery for the appellant against all the defendants below except Keny, reads as follows: "It is further considered and ordered by the court that the plaintiff, C. L. Buckner, take nothing by his suit as against the defendant, S. P. Keny, and that the said defendant go hence without day and recover his costs in this behalf expended."

Appellant asserts that Keny was not making any claim to the surface rights in the trial of the case. All we have in the record to indicate what he was claiming is a general denial and his plea of not guilty, together with his deed to the mineral rights from Stamps. Appellee has not furnished us with a brief in this case and therefore we can assume that the statement in the brief of appellant is true in this respect. We think the trial court did not intend to deny appellant a recovery as to the surface rights against Keny, but intended to deny appellant a recovery against Keny as to the mineral rights, since the record shows that was the only interest Keny ever had. However, there is some doubt as to the meaning of the judgment in this respect. The judgment, at least, is subject to the intepretation that appellant places upon it. In order to clarify this situation, we think the judgment should be reformed to decree a recovery by the appellant against Keny as to the surface rights to the land in question and a denial of recovery as to the mineral rights, and the judgment is so reformed, and, as so reformed, is in all other respects affirmed.