## SECURITY DEVELOPMENT CO. v. HIDALGO COUNTY DRAINAGE DIST. NO. 1 et al.

### No. 4962.

Court of Civil Appeals of Texas. Amarillo.

Dec. 12, 1938.

Rehearing Denied Jan. 23, 1939.

Brown & Criss, of Harlingen, for appellant.

S. N. McWhorter, of Weslaco, for appellees.

JACKSON, Justice.

On April 30, 1929, W. H. McCoach and wife, Clare H. McCoach, of Bexar County, for a valuable consideration did "grant, sell and convey" unto H. E. Dickson Company, a corporation, three tracts of land situated in Hidalgo County and described as follows: 26.34 acres of Block 285, 30 acres of Block 286, and 18.25 acres of Block 287, parts of a subdivision of Porciones 69 and 70, according to the map of said subdivision recorded in the deed records of Hidalgo County, "said tract of land containing in the aggregate 74.59 acres, less 11 acres, more or less, which has been heretofore taken and used for levees, dikes and pits, leaving 63 acres of land, more or less."

At the time when the deed was made, Mr. McCoach advised Mr. Dickson, the president of the H. E. Dickson Company, to the effect that a levee was being built across the land and no right of way had been condemned or otherwise acquired and a settlement for the amount of damages sustained was pending and whatever sum was obtained would go to H. E. Dickson Company as a part of the transaction. The deed to the Dickson Company was filed in the office of the County Clerk of Hidalgo County on July 2, 1930.

On January 2, 1931, H. E. Dickson Company conveyed the same tracts of land to the Security Development Company, a corporation, for a valuable consideration, by the same description contained in the deed to H. E. Dickson Company.

On September 21, 1929, W. H. McCoach and wife deeded to the Hidalgo County Drainage District No. 1 a strip across certain tracts of land for right of way purposes, which included an easement covering 11 acres, constituting a part of the tract of 74.59 acres described in the deed to the Dickson Company and in the conveyance to the Security Development Company. The deed to the easement on this 11 acres recited a consideration of $1169.50 cash, but the record shows payment was made by a warrant No. A–717 issued for said amount to W. H. McCoach June 9, 1930, and by him transferred and assigned to H. E. Dickson Company as a part of the land transaction theretofore made with said company.

The Commissioners' Court of Hidalgo County on July 15, 1930, in regular session, at a regular term, considered the detailed report of the commissioners of Hidalgo County Drainage District No. 1 showing the condition of the improvements that had theretofore been made in the district. an estimate of the probable cost of maintenance and repairs for the ensuing year, and an inventory of all funds, effects and property of the district, together with a list of all lawful demands against the district, and among such demands were scrip and vouchers drawn against the maintenance and construction fund for obligations due by the district, many of which were to secure right of way. Among other things, the order recites: "Whereas, this court has investigated and found that said outstanding scrip and vouchers to the amount of $444,-645.70 were issued in payment of the purchase price of right of way for clearing of right of way, and for Maintenance and Construction purposes against the maintenance and construction fund of said District; that all of said scrip and vouchers are outstanding and unpaid; that there are no funds available with which to pay the same; and that they are valid, outstanding obligations of said District, for which said District received full value and consideration." The scrip and vouchers were here listed evidencing outstanding indebtedness for right of way, ditch digging, repairs to levees, clearing right of way, service special commissioner, maintenance work, raising levee, interest on warrants, etc. The order recites that the holders of the scrip and vouchers had agreed to extend the time of the payment thereof and accept in their stead funding warrants of the district maturing from one to ten years after date, bearing interest at the rate of 7% per annum;

"Whereas, this court deems it advisable and to the best interest of said District to issue said Funding Warrants, therefore,

"Be it ordered, adjudged and decreed by the Commissioners' Court of Hidalgo County, Texas:

"1. That the Commissioners of Drainage District Number One of Hidalgo County, Texas be authorized to issue warrants of said District drawn on the County Treasurer of Hidalgo County, against the Maintenance and Construction Fund, Special, of said District for the purpose of funding, extending and in lieu of the scrip and vouchers herein listed," * * * which had been "issued to evidence the purchase price of right-of-way purchased by said District for canals, ditches, levees and other necessary improvements, for the clearing of right-of-way and for Maintenance and Construction purposes, all of which scrip and vouchers

are now outstanding and unpaid, obligations against the Maintenance and Construction Fund of Hidalgo County Drainage District Number One;"

That the warrants shall be known as "Hidalgo County Drainage District Number One Maintenance and Construction Funding Warrants, * * * and numbers 202 to 545 inclusive, shall be in the denomination of $1,000.00 each;" prescribing the form of warrants; that, "The date of this Warrant in conformity with said order, is July 15, 1930; and it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuance of this Warrant, have been properly done, have happened and been performed in regular and due form and manner, as required by law, and that the total indebtedness of said Hidalgo County Drainage District Number one, does not exceed the constitutional or statutory limitation." The order also provides for 10% additional on the principal and interest as attorney's fees.

"It is further ordered by the Court that said Funding Warrants herein authorized shall be paid out of the Maintenance and Construction Fund, Special, of Hidalgo County Drainage District Number One, created by this Court for the payment of all legal, just and lawful debts, demands and obligations existing against said District, which Fund shall continue to be set aside annually out of the Maintenance and Construction Fund of said District until said Funding Warrants are paid.

"It is further ordered by the Court that the tax levy of fifty cents on the $100.00 valuation of taxable property in said District * * * be and the same is hereby levied for each succeeding year while said Funding Warrants herein authorized, are outstanding: and so much of said tax as shall be necessary is hereby appropriated and set aside to pay the interest on said Funding Warrants and the principal thereof as same become due; and said Maintenance and Construction Tax shall be annually assessed and collected and so much of it as may be necessary applied to the payment of principal of and interest on the said Funding Warrants."

In response to a proper request, H. E. Dickson Company surrendered to the County Treasurer of Hidalgo County Original Warrant No. A–717 for $1169.50, issued to W. H. McCoach and endorsed to said company, for which he was to receive a refunding warrant. On December 26, 1930, the treasurer of the county advised H. E. Dickson Company by letter of the receipt of its warrant; that he had been withholding closing the deal hoping to be in a position to pay $169.50 in cash but, instead, stated: "I am enclosing you herewith one Hidalgo County Drainage District No. 1 Maintenance and Construction Funding Warrant No. 344 in the sum of $1000.00 together with script of the drainage district being No. A–805 in the sum of $169.50." This funding warrant and the scrip aggregating $1169.50, were issued in proper form to H. E. Dickson Company, assignee of W. H. McCoach and by the latter transferred to the Security Development Company in lieu of Warrant No. A–717, and contained the same certificate relative to the date, the acts, conditions and things required precedent to the issuance thereof had been properly done and performed as required by law.

Default was made in the payment thereof and the Security Development Company, as plaintiff, instituted this suit in the District Court of Hidalgo County against the Hidalgo County Drainage District No. 1 and the proper officers thereof, and also against Hidalgo County and the proper officers thereof, to recover the principal and interest evidenced by said funding warrant and drainage district scrip.

The drainage district and the county answered by general and special exceptions, general denial, plea of limitation, and of want and failure of consideration; that such warrants were not binding and valid obligations because they were not issued upon a vote of two-thirds majority of the resident tax paying voters at an election held for that purpose, as required by the Constitution of the State of Texas.

The case was tried before the court without the intervention of a jury and judgment rendered that appellant take nothing by its suit, from which action this appeal is prosecuted.

The appellant challenges as error the action of the court in holding that the defense of failure or want of consideration had been established by the testimony and refusing it a recovery because the "funding warrant" and "scrip" were issued in payment of an easement acquired by Hidalgo County Drainage District No. 1 on 11 acres of land for right of way purposes.

The appellees admit in their brief that the proof shows that the debt sued on repre-

sented the purchase price of an easement granted by McCoach and wife to the Hidalgo County Drainage District No. 1 over and across eleven acres of land described in the easement deed, but assert that the deed theretofore made by McCoach and his wife on April 30, 1929 to H. E. Dickson Company was an absolute conveyance of the entire 74.59 acres described therein and that the so-called exception or reservation was invalid and consequently McCoach and wife had nothing to convey to the drainage district on September 21, 1929, the date on which the easement was deeded to the drainage district.

The so-called exception or reservation is in the following language: "Said tracts of land containing in the aggregate 74.59 acres, less 11 acres, more or less, which has been heretofore taken and used for levees, dikes and pits, leaving 63 acres of land, more or less."

For the purpose of this decision, it is unnecessary to distinguish between the terms "exception" and "reservation" as they are commonly used in deeds indiscriminately.

In 14 Tex.Jur. 959, par. 176, the author says: "A reservation or an exception does not require technical terms for its creation; any language is apt which adequately and clearly expresses the intention of the grantor."

See also Cravens v. White, 73 Tex. 577, 11 S.W. 543, 15 Am.St.Rep. 803; Reed v. Mahone et al., Tex.Civ.App., 281 S.W. 277.

In the same volume of Texas Jurisprudence, page 962, para. 179, it is said: "The principal rule of construction in interpreting a reservation or exception is that regard should be had to the intention of the parties as appearing from the whole instrument." See same volume para. 132, page 910.

When the land excepted can be properly identified by extrinsic evidence, the description is sufficient, Reed v. Mahone, supra, and in ascertaining the proper construction of an exception or reservation of uncertain meaning, the action of a grantee in recognizing the rights that were reserved to the grantor under the deed have great weight. Way v. Venus, Tex.Civ.App., 35 S.W.2d 467.

The testimony shows without dispute that at or about the time the deed was executed by McCoach and wife to the H. E. Dickson Company the grantor advised the grantee that the 11 acres mentioned in the exception had been taken for levees, canals and ditches; that the title thereto had not been legally acquired but a settlement for damages was pending and when concluded the amount was a part of the transaction and would be paid to the H. E. Dickson Company. When the settlement was made original warrant No. A–717 was issued to McCoach, who endorsed it to the Dickson Company. The Treasurer of Hidalgo County received this warrant, cancelled and issued to H. E. Dickson, as assignee of Mr. McCoach, the funding warrant and scrip involved in this controversy. Obviously, it was understood by and the intention of the grantor and grantee in the deed that this 11 acres were excepted from the conveyance.

In the light of this testimony, we think the description in the deed was sufficient as an exception to retain the title of the 11 acres in McCoach and wife, and their deed to the easement thereon passed the title thereto.

The testimony shows conclusively that the drainage district was in possession of the right of way, occupying and using the 11 acres at the time McCoach and wife made the deed to H. E. Dickson Company, hence, said grantee took the title subect to the rights of the Hidalgo County Drainage District No. 1.

In Long Bell Lumber Co. et al. v. Lowry et al., Tex.Civ.App., 31 S.W.2d 345, a number of authorities are cited holding that [page 349]: "It is well settled that actual possession of the land in person or by tenant is sufficient to give notice, or—which is the same thing—will put the purchaser upon inquiry as to the claim and title of such possessor."

It is clear that had the purchaser made inquiry he could have ascertained the rights of the drainage district to the easement on the land.

In our opinion, the testimony discloses a good and sufficient consideration for the warrants sued on, without the payment of which no consideration has been paid by the drainage district for the easement.

The appellant asserts under this record there is no basis for the contention of appellee that the obligations sued on are unconstitutional and void because the issuance thereof was not submitted to a vote of the property tax paying voters of the drainage district, since the issuance of the obligations of the district for such indebtedness is not required by the Constitution.

182

Article 3, Section 52 of the Constitution of Texas, Vernon's Ann.St., provides that the Legislature may authorize "the construction and maintenance of pools, lakes, reservoirs, dams, canals and waterways for the purposes of irrigation, drainage or navigation, or in aid thereof" in districts' therein described "upon a vote of two thirds majority of the resident property taxpayers voting thereon who are qualified electors of such district."

Article 16, Section 59(a), of the Constitution authorizes the conservation and development of the natural resources of the State, the creation of conservation and reclamation districts and the authorization of indebtedness for such purposes, "Provided the Legislature shall not authorize the issuance of any bonds or provide for any indebtedness against any reclamation district unless such proposition shall first be submitted to the qualified property tax-paying voters of such district and the proposition adopted."

Under these provisions of the Constitution, as we understand, the courts have, in effect, held that the Legislature may not authorize any county or subdivision thereof to levy taxes for the construction originally of such improvements as are authorized in said section without first submitting the creation of the indebtedness to be incurred therefor to a vote of the property tax paying voters of such territory as provided by the Constitution.

The governing authorities of such district, it seems settled, may, under the statute, issue warrants for repairs and maintenance after the project has been completed.

As we understand the holding of Judge Hutcheson in the case of Hidalgo County Drainage District No. 1 v. Creath, 5 Cir., 68 F.2d 119, certiorari denied, 291 U.S. 684, 54 S.Ct. 562, 78 L.Ed. 1071, on which, and the authorities there cited, appellant relies, the reason is summarized in this paragraph of the opinion [page 120]: "The warrants were prima facie evidence of the liability of the district, and the burden was on the district to prove that the recitals contained in them and in the ordinances which authorized them, were untrue." The opinion holds that the district failed to rebut the prima facie case and was therefore liable on the warrants involved.

The recitations and provisions in the order of the commissioners' court and in the warrants themselves involved in the instant case make a prima facie case of the validity of the indebtedness, and appellant's contention is that having thus made a prima facie case, it was entitled to a judgment. The declarations in the order and warrants by the commissioners to the effect that the law had been complied with and the indebtedness was valid, if false, do not estop the district from questioning the validity of the obligation. Nacogdoches County et al. v. Lafferty et al., Tex.Com.App., 61 S.W.2d 994. The testimony reveals that these obligations were not authorized by a vote of the property tax paying voters of the district, but it does not show with any degree of certainty whether the debts were for construction or for repairs and maintenance. Something over $190,000 of the warrants redeemed appear to have been issued for "right of way" and something over $87,000 for "ditch digging" and much for repairs and maintenance. In our opinion, the testimony so preponderates against the judgment we are not warranted in sustaining the decree of the trial court. Neither do we think we would be justified under the record in reversing and rendering the judgment for appellant. Bankers Life & Loan Ass'n v. Chase, Tex.Civ.App., 114 S.W.2d 374.

Relative to limitation, we deem it sufficient to call attention to the authorities that hold: "When money is payable on demand it is payable immediately and no demand is necessary to start the running of the statute of limitations." 28 Tex.Jur. 142, and authorities cited.

The judgment is reversed and the cause remanded.