## MONTGOMERY et al. v. EBONY HILLS IMPROVEMENT CO.

No. 4667.

Court of Civil Appeals of Texas.
El Paso.

Jan. 11, 1950.

Rehearing Denied Feb. 15, 1950.

Kelley, Looney, McLean & Enochs, and Jackson Littleton, all Edinburg, for appellants.

Aldrich & McDonald, Sawnie B. Smith, Hall, Henrickson & Rawlins, all Edinburg, for appellee.

SUTTON, Justice.

The purpose of the suit was to have the Court construe by a declaratory judgment a general warranty deed and in particular a provision creating a condition or limitation on the estate conveyed. The suit was brought by Ebony Hills Improvement Company, a real estate corporation, and the construction and judgment was favorable to it and the defendants prosecute the appeal.

The facts are brief and not controverted. The deed conveyed approximately seventy acres of land, and is dated May 15, 1946. Prior to the conveyance in question, September 30, 1944, the owner of the land sold and conveyed by a general warranty mineral deed to two separate individuals an undivided five-ninths (5/9) interest in and to all of the oil, gas and minerals in and under, and that may be produced from such lands, describing the lands. To one grantee there was conveyed a one-ninth (1/9) and to the other four-ninths (4/9). The deeds

are identical and contain special provisions to which each party to this suit attach particular importance. The provisions noticed by the parties to this suit are, in substance, that the grantor agrees and covenants that the property described shall never be used for any purpose which would in any way interfere with the prospecting, exploring, drilling or producing of oil, gas and other minerals, which covenant shall run with the land, and together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals and removing the same therefrom. The other provisions have to do with damages resulting to the surface and improvements and citrus trees as a result of prospecting and development operations and are not material in any event to the appeal. We do not regard the provisions of these mineral deeds as of any controlling effect on the subsequent deed and the construction thereof, because the deed sought to be construed is to be construed from its own terms.

It is agreed and stipulated that prior to the time the deed was executed and delivered the lands described therein had been used as a country club and golf course or incidental or related purposes or sports, but was not so used on the date of the conveyance but was contemplated that it would be so used. It is further stipulated that the grantee, Ebony Hills Improvement Company, leases the surface of the lands to Ebony Hills Country Club, a separate entity, which club uses the same as a country club and golf course or incidental or related purposes or sports. It is further agreed in the record each of the parties asserting an interest in the four-ninths undivided mineral interest had the opportunity to lease the same for development purposes and that there is an oil well drilling in the vicinity of the lands.

The provision of the deed from W. R. Montgomery and wife to the Ebony Hills Improvement Company, dated May 15, 1946, which is sought to be construed and which provoked the suit is as follows, to-wit: "It is expressly understood and agreed as a condition and part of the consideration of this conveyance that in the event the prop-erty herein conveyed shall ever be used for other than a country club and golf course or incidental or related purposes or sports an undivided four-ninths (4/9) participating mineral interest in said property and all rights incident thereto, shall revert to the grantors herein, their heirs and assigns; and the grantors herein do hereby transfer and convey such reversionary rights herein provided for unto the 'Montgomery Foundation' its successors and assigns." The Montgomery Foundation is a charitable trust.

The trial court by its judgment declared the deed vested a fee simple title in the grantee, Ebony Hills Improvement Company, in the surface of the lands conveyed and "also an undivided four-ninths (4/9) of the minerals", being all the interest in said minerals owned by the grantors in said deed, such mineral interest being subject to the following clause in said deed, to-wit: (Here follows the provision quoted above) "And said conveyance being also subject to the rights of the holders of the other undivided five-ninths (5/9) of said mineral interests according to the conveyance" and the agreements and covenants which are quoted in the judgment the substance of which have heretofore been set out. The judgment further declared that it was within the contemplation of the parties to the deed and the effect of the conveyance was that the leasing, mining, drilling and exploring of said property for oil, gas and other minerals, and removing the same therefrom, and other uses incident to the enjoyment of the mineral estate in said property by the owners, assigns or lessees of such minerals, including the plaintiff, its successors, assigns and lessees, would not constitute a use of said property 'for other than a country club and golf course or incidental or related purposes or sports' or operate to revert the four-ninths (4/9) participating mineral interest in said property to the grantors or the Montgomery Foundation under the terms of the reverter clause.

The defendants challenge the construction and judgment of the court in thirteen points which are grouped in the brief and presented under seven arguments, but as

is said by the Appellee, "the meat in the coconut" is found in the construction of the reverter clause of the deed.

■ The defendants by special exceptions and by points here challenged the right of the plaintiff, Ebony Hills, to have the deed construed by a declaratory judgment proceeding. We are of the opinion the controversy was properly to be presented and determined under the declaratory judgments act. As has already been noted conflicting claims as to ownership and rights to the mineral interest were asserted and are asserted here and the opportunity to profit by virtue of the ownership had been presented. It became important and is important to have the rights of the parties determined in order that the property may be dealt with safely and legally and that its mineral bearing possibilities be determined and exploited and the revenues therefrom, if any, enjoyed by those entitled to receive the same. The statute, Art. 2524—1, Sec. 2, Vernon's Civil Statutes, provides: "Any person interested under a deed * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder."

Section 12 of the article declares the purpose to be "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered." Thus it seems the action comes specifically within the terms of the law. See also the case cited, Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837.

■ Complaint is also made that Montgomery and wife were improperly made parties individually because they had conveyed their interest in the minerals to the Montgomery Foundation and the court erred in not striking them out. In our view of the case it becomes unnecessary to determine that point because their presence is wholly immaterial and if there were any error it is harmless.

This brings us to the controlling issue in the case, the construction and effect of the so-called reverter clause. It is, as we understand it, conceded the provision is a condition and not a covenant. The appellant argues it is a reservation and setting apart of the four-ninths (4/9) mineral interest to the Montgomery Foundation. The appellee contends so long as the property is used as a country club, golf course, or incidental or related purposes or sports there can be no reversion of the mineral interest regardless of the other uses made of the property.

■ We think there is not a reservation of the minerals, for there are no words used purporting to reserve the mineral interest. The provision that if the property ever be used other than as stated in the clause the mineral interest shall revert to the grantors negatives any idea of reservation. If the mineral interest had been reserved then the provision for the reverting thereof would have been wholly useless and meaningless.

There are involved here two severable estates, the surface estate and the mineral estate. The surface estate only was and is susceptible of the uses enumerated in the so-called reverter clause, that is, the mineral estate could not be so used. The language when applied to the surface estate is perfectly plain, and we construe it to mean the use of the surface estate is limited to that of a country club, golf course or incidental or related purposes or sports and that any use of it for any other purpose, except such as may be incidental and necessary to the enjoyment of the mineral estate, would work a forfeiture of the mineral estate.

■ If the limitation and condition could have any application to the mineral interest and if applied and enforced as against the mineral estate then the conveyance and grant of the mineral interest vested nothing of value. In other words, the limitation and condition in such event would be wholly repugnant to the grant, in that it would render the mineral interest vested in the grantee useless. To put it another way, the condition would remove the subject matter from the granting clause of the conveyance. In such instances the limita-

tion and condition is declared invalid, void and ineffectual. Jung v. Petermann, Tex. Civ.App., 194 S.W. 202, r. e.; Grogan v. City of Brownwood, TexCiv.App., 214 S.W. 532; Associated Oil Co. v. Hart, Tex.Com. App., 277 S.W. 1043.

As we construe the trial court's judgment, the material portion contained in Paragraph B answering the primary inquiry of the plaintiff and aside from the recitations immaterial to the answer made therein, it is our conclusion the trial court correctly determined the leasing, prospecting and production of the minerals in and under the premises described would not work a forfeiture of the four-ninths mineral interest.

The judgment as construed will in all things be affirmed.