TIPPS et al. v. BODINE.

No. 5000.

Court of Civil Appeals of Texas. Texarkana.

Dec. 24, 1936.

Rehearing Denied Jan. 7, 1937.

Caves & Waldrop and W. M. Futch, all of Henderson, for appellants.

Smith & West, of Henderson, for appellee.

JOHNSON, Chief Justice.

April 25, 1930, Mrs. Effie Tipps owned the fee title to a certain tract of land in Rusk county. On that date she executed to Shaw, Shipp & Spivey an oil and gas lease covering the land. It was the usual commercial lease, for a primary term of five years and as long thereafter as oil or gas be produced therefrom. It provided that the lessee should deliver to the credit of the lessor free of cost in the pipe lines to which lessees might connect their wells, the equal one-eighth part of all oil produced and saved from the premises and to pay lessor the market price for one-eighth the gas produced and sold. It contained a clause of defeasance, providing that the lease should terminate unless certain yearly rentals were paid for the privilege of deferring commencement of a well.

On July 30, 1930, while the above lease was in force and effect, the lessor, Mrs. Effie Tipps, executed to Mrs. W. T. Bodine a mineral or royalty deed. The proper construction of this deed, as to the amount or proportion of the mineral interests and rights acquired by the grantee, Mrs. Bodine, is the matter involved in this suit. The pertinent portions of the instrument read as follows:

"Know all men by these presents, that *Effie Tipps (a widow)* of *Rusk* County, State of Texas, for and in consideration *Ten (10.00)* Dollars *($10.)* cash in hand paid by *Mrs. W. T. Bodine,* hereinafter called Grantee, and other good and valuable considerations, the receipt of which is hereby acknowledged, have granted, sold, conveyed, assigned and delivered, and by these presents do grant, sell, convey, assign and deliver unto said Grantee an undivided *1/16* interest in and to all of the oil, gas and other minerals in and under, and that may be produced from the following described lands situated in *Rusk* County, *Texas,* to-wit: (Here follows description.) together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals and removing the same therefrom.

"Said land being now under an oil and gas lease, executed in favor of Shaw, Shipp & Spivey, it is understood and agreed that this sale is made subject to the terms of said lease, but covers and includes *One-Half* of all the oil royalty and gas rental or royalty due and to be paid under the terms of said lease insofar as it covers the lands above described.

"It is understood and agreed that *One-Half* of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said Grantee and in the event that the above described lease for any reason becomes cancelled or forfeited, then and in that event an undivided *One-Half* of the lease interests and all future rentals on said land for oil, gas and other mineral privileges shall be owned by the said Grantee ...... owning *1/16* of all oil, gas and other minerals in and under

said lands, together with *One Half* interest in all future events."

The deed was on a printed form and we have italicized the parts written in with the typewriter, and have indicated the blank space not filled in.

Subsequent to the execution and delivery of the above deed by Mrs. Tipps to Mrs. Bodine, the Shaw, Shipp & Spivey lease terminated for failure to drill a well or to pay rental. Thereafter, on March 24, 1934, Mrs. Tipps and Mrs. Bodine joined in the execution of an oil and gas lease to the Octo Oil Corporation, for which the lessors were paid a cash bonus of $1,455, which was divided equally between Mrs. Tipps and Mrs. Bodine. This lease further provided as a part of the consideration for its execution that lessors should receive from lessee an additional $3,880 to be paid out of one-eighth of the seven-eighths lease interests of the oil, if and when produced, *in the proportions of one-half to* Mrs. Tipps and one-half to Mrs. Bodine. The lessee further contracted to deliver to the credit of the lessors free of cost in the pipe line to which lessee may connect its wells, the equal one-eighth part of all oil produced and saved from the premises and the market price for one-eighth of all gas sold.

The property was developed by the lessee, Octo Oil Corporation, and the oil run to the pipe lines of the Beacon Oil & Refining Company. Upon examination of title for division orders, under which to pay the lessors or royalty owners for their portions of the oil run, the attorney for the Beacon Oil & Refining Company construed the mineral deed from Mrs. Tipps to Mrs. Bodine of July 30, 1930, as having the effect of entitling Mrs. Bodine to receive one-half of the $1,455 bonus money, and to receive one-half of the $3,880 to be paid out of one-eighth of the seven-eighths lease interest of the oil, if and when produced, by the lessee under the Octo Oil Corporation, but as having the effect of entitling Mrs. Bodine to receive only one-sixteenth of the one-eighth oil royalty from said Octo Oil Corporation lease instead of one-half of the one-eighth royalty as claimed by Mrs. Bodine under said lease, and that Mrs. Tipps owned the remaining fifteen-sixteenths of the one-eighth royalty under said lease. The Beacon Oil & Refining Company notified Mrs. Bodine that it would withhold payment of a portion of the royalty claimed by her until her right thereto

should be definitely determined. Whereupon this suit was filed by Mrs. Bodine against the Beacon Oil & Refining Company, the Octo Oil Corporation, and Mrs. Effie Tipps, and against W. W. Caves and A. H. Waldrop (attorneys to whom Mrs. Tipps had contracted a contingent interest for legal service in this suit), seeking construction of the mineral deed from Mrs. Tipps to Mrs. Bodine as entitling Mrs. Bodine to one-half of the one-eighth royalty from the Octo Oil Corporation lease and for judgment accordingly establishing her alleged interest, and to remove cloud from her title thereto. Plaintiff's petition in substance alleged that the terms of the deed clearly evidenced the intention to convey to Mrs. Bodine an undivided one-half interest in all the minerals in place then owned by the grantor, Mrs. Tipps, and to include one-half of all oil and gas royalties and rentals provided to be paid under the then existing Shaw, Shipp & Spivey lease, and an undivided one-half interest in the possibility of reverter of the seven-eighths lease interest then owned by Shaw, Shipp & Spivey, *contingent upon the termination* of said lease; that the Shaw, Shipp & Spivey lease having terminated, and Mrs. Tipps and Mrs. Bodine having joined in the lease to the Octo Oil Corporation, that Mrs. Bodine was entitled to receive one-half of all the considerations to be paid under that lease, including one-half of the one-eighth oil royalty in question. As an alternative plea, plaintiff alleged that it was the mutual intention of the grantee and of the grantor to purchase and to convey by said mineral deed the mineral estate and rights last above described and that if the language of the deed did not consummate that agreement, the defect was due to the mutual mistake of the parties as to the effect and meaning of the terms employed in the deed, and prayed that it be reformed so as to express such intention of the parties.

The defendants Tipps, Caves, and Waldrop answered by general demurrer, general denial, and pleaded the statute of four years' limitation. The defendant Octo Oil Corporation answered to the effect that it owned the seven-eighths lease interest and that it claimed no interest in the one-eighth royalty in question. The Beacon Oil & Refining Company answered to the effect that it had received the oil runs from the property and was ready to pay over the royalty in question to the party determined to

be entitled thereto. Trial was had to a jury. The issue of mutual mistake was submitted and answered in favor of plaintiff. Judgment was entered decreeing that plaintiff owns an undivided one-half interest in the minerals in and under the land subject to the Octo Oil Corporation lease and is entitled to receive one-half of the one-eighth royalty payable under that lease. The judgment also decrees a reformation of the mineral deed in question by changing the fraction "1/16" at each place where it occurs in the deed to the fraction "1/2." The judgment further awards recovery in favor of plaintiff against the Beacon Oil & Refining Company for $743.72, representing one-half of the one-eighth royalty due to the date of the judgment. The defendants have appealed.

The appeal requires construction of the above-copied mineral conveyance from Mrs. Effie Tipps to Mrs. W. T. Bodine, dated July 30, 1930. The confusion in its meaning appears to have arisen with respect to the fraction "1/16" appearing in the first paragraph of the deed, and because of the clause at the end of the third paragraph of the deed, following the blank space after the words "said Grantee," and reading: "owning 1/16 of all oil, gas and other minerals in and under said lands, together with 1/2 interest in all future events."

█ In construing a deed, like any other contract, it is the intention of the parties, to be gathered from the instrument as a whole, that bears controlling importance. Reynolds v. McMan Oil & Gas Co. (Tex. Com.App.) 11 S.W.(2d) 778; Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.(2d) 442, 444; Associated Oil Co. v. Hart (Tex. Com.App.) 277 S.W. 1043; Gibbs v. Barkley (Tex.Com.App.) 242 S.W. 462; Hoffman v. Magnolia Petroleum Co. (Tex.Com. App.) 273 S.W. 828, 830.

█ It will be noted that in the first paragraph of the deed the grantor conveys to the grantee an undivided one-sixteenth interest in *all* the minerals in and under the land described. In the second paragraph it is expressed that the conveyance is made subject to the terms of a lease then held by Shaw, Shipp & Spivey. Therefore the terms of the Shaw, Shipp & Spivey lease are to be considered. The lease interest conveyed by the Shaw, Shipp & Spivey lease consisted of a determinable fee in seven-eighths of all the minerals in place and the right of exploration. Mrs.

Tipps, the fee owner and lessor in that lease, retained one-eighth of all the minerals in place, subject to the lease. Hence the conveyance of an undivided one-sixteenth in *all* the minerals, mentioned in the first paragraph of the deed, conveyed one-half of all the minerals in place then owned by Mrs. Tipps. The second paragraph of the deed not only provides that the sale is made subject to the terms of the Shaw, Shipp & Spivey lease, but further provides that such sale covers and includes one-half of all the oil royalty and gas rental or royalty due and to be paid under the terms of that lease. The first part of the third paragraph of the deed above quoted includes in the conveyance one-half of any money rentals that might be paid by Shaw, Shipp & Spivey to extend the time within which to begin a well under their lease. The terms of the Shaw, Shipp & Spivey lease further provided for a forfeiture thereof for failure to drill a well or to pay rentals or to comply with other conditions specified in the lease, and upon the happening of such event the lease interests then owned by Shaw, Shipp & Spivey would revert to the lessor, Mrs. Tipps. The second part of the third paragraph of the deed discloses the fact that Mrs. Tipps and Mrs. Bodine had this possibility of reverter in mind, and that upon the happening of such future event as terminated the Shaw, Shipp & Spivey lease that the execution of another lease might be desired, and that it was the intention of Mrs. Tipps to convey to Mrs. Bodine an undivided one-half interest in this right to reverter of the lease interest. Such intention is clearly disclosed by the language used in the deed as follows: "And in the event the above described lease (referring to the Shaw, Shipp & Spivey lease) for any reason becomes cancelled or forfeited, then and in that event an undivided one-half of the lease interest and all future rentals on said land for oil, gas and other mineral privileges shall be owned by the said grantee ......" This language is clear and all-inclusive. Down to the blank space following the words "said Grantee," the deed clearly and unmistakably conveys to Mrs. Bodine a one-sixteenth undivided interest in all of the minerals in place in and under the land —same being one-half of all of said minerals then owned by the grantor, Mrs. Tipps— subject to the Shaw, Shipp & Spivey lease; and that such conveyance should cover and include one-half of all the oil and gas royalty and money rentals to be paid under

that lease; and that such sale should cover and include one-half of the seven-eighths lease interest then held by Shaw, Shipp & Spivey in the event of termination of that lease, together with a one-half interest in all future rentals and other mineral privileges that might be derived from future leases.

No language has been suggested, and we know of none, that would more clearly and accurately express the intention of the parties or that would have the legal effect intended by them than that used in the deed itself thus far. Nor do we think that the concluding clause has the effect of rendering the instrument ambiguous. The clause in question follows the words "said Grantee" and reads: "...... owning 1/16 of all oil, gas and other minerals in and under said lands, together with 1/2 interest in all future events." The clause simply states what the whole of the preceding terms of the instrument conveyed to the grantee. It does not attempt to reserve or except anything from the conveyance already made by the deed. It is merely a condensed expression of the intended effect of all the preceding terms of the deed as a whole. It is the same as to say that the intended effect of all the preceding terms of the instrument is such as now results in the grantee owning one-sixteenth of all the oil, gas, and other minerals in place in and under the land, together with one-half interest in all future events. One of such future events was the possibility of reverter of the Shaw, Shipp & Spivey lease interest. Upon termination of that lease, one-half of the seven-eighths lease interest then reverted to Mrs. Bodine. She thereafter joined Mrs. Tipps in the execution of the Octo Oil Corporation lease and thereby became entitled to one-half of all the consideration paid and to be paid therefor, including one-half of the one-eighth oil royalty in question. The judgment of the trial court effects this result.

We have examined each of the assignments of error and propositions made by the appellants and find that no error is presented by any of them, and they are respectfully overruled.

The judgment of the trial court is affirmed.